BOERTH, Appellant, vs. WEST SIDE RAILROAD COMPANY, Respondent.

*February 27 — March 16, 1894.*

*Electric street railway: Collision with wagon crossing track: Contributory negligence: Failure to look.*

One who attempts to drive across the track of an electric street railway while seated so far back in a covered wagon that he cannot see an approaching car, which otherwise he might easily see, is guilty of negligence barring a recovery for injuries caused by a collision with such car.

APPEAL from the Circuit Court for *Milwaukee* County. Action to recover for injuries to the plaintiff's horses, harnesses, wagon, and load of pies, which were struck by an electric car of the defendant at the junction of Grand avenue and Eighth street in Milwaukee. The defense is a general denial and contributory negligence. At the close

of the trial, the court directed a verdict in favor of the defendant. From the judgment entered thereon the plaintiff appeals.

For the appellant the cause was submitted on the brief of *Fiebing & Killilea.*

For the respondent there was a brief by *Danforth Becker,* attorney, and *Charles N. Gregory,* of counsel, and oral argument by *F. B. Myers.* The rule applicable to persons crossing a steam railroad applies also to those crossing a street railway, especially such as are operated by electricity or cable; and the failure to look before crossing a street railway track will defeat a recovery in case of a collision, if the car was in plain sight. *Kelly v. Hendrie,* 26 Mich. 255; *Davenport v. Brooklyn C. R. Co.* 100 N. Y. 632; *McClain v. Brooklyn C. R. Co.* 116 id. 465; *Scott v. Third Ave. R. Co.* 59 Hun, 456; *Ewing v. Atlantic Ave. R. Co.* 11 N. Y. Supp. 626; *Harnett v. Bleecker St. & F. F. R. Co.* 49 N. Y. Super. Ct. 185; *Buzby v. Philadelphia T. Co.* 126 Pa. St. 559; *Sheets v. Connolly St. R. Co.* 54 N. J. Law, 518; *Schulte v. N. O. C. & L. R. Co.* 44 La. Ann. 509; *Warner v. Peoples' St. R. Co.* 141 Pa. St. 615; *Wheelahan v. Philadelphia T. Co.* 150 id. 187; *Ehrisman v. East Harrisburg C. P. R. Co.* id. 180; *Carson v. Federal St. & P. V. R. Co.* 147 id. 219; *Thomas v. Cit. Pass. R. Co.* 132 id. 504; *Ward v. Rochester E. R. Co.* 17 N. Y. Supp. 427; *Murray v. Pontchartrain R. Co.* 31 La. Ann. 490; *Mercier v. N. O. & C. R. Co.* 23 id. 264; *Follet v. Toronto St. R. Co.* 15 Ont. App. 346; *Metropolitan St. R. Co. v. Johnson,* 91 Ga. 466; *Hickman v. Union D. R. Co.* 47 Mo. App. 65; *Coughtry v. Willamette St. R. Co.* 21 Oreg. 245; *North Side St. R. Co. v. Want,* 4 Tex. Civ. App. 237; *Railroad Co. v. Gladmon,* 15 Wall. 401, 404, 409.

CASSODAY, J. The evidence on the part of the plaintiff is to the effect that the wagon in question was covered

Boerth vs. West Side R. Co.

with wood on the top and on both sides; that the only person on the wagon at the time of the injury was the plaintiff's driver; that in driving he sat about two feet back from the front of such covering, where he could not see out on either side; that about 8 o'clock on the morning in question he drove north on Eighth street until he came to Grand avenue; that while in the act of crossing that avenue, with the horses on a walk, the defendant's electric car came from the west on the avenue, and struck the hind end of the wagon, and caused the damage complained of. The driver frankly admits that he did not see the car until after the collision; and that he could not see it by reason of his being seated so far back behind the side covering; and that he heard no bell or alarm of any kind.  If such evidence was true, then the defendant was guilty of negligence, and the plaintiff, by his driver, was guilty of contributory negligence which would bar a recovery.

The evidence on the part of the defendant is to the effect that the wagon in question was at the time being driven on the southerly side of the avenue, from Ninth street to Eighth street, by the side of the car, or a little ahead of it; that upon reaching Eighth street the plaintiff's team suddenly turned north on Eighth street, immediately in front of the car, and had nearly crossed the railroad track when the wagon was struck, as mentioned.  The evidence seems to be overwhelming that the bell was repeatedly sounded while the car was going from Ninth to Eighth street.  If such were the facts, then there was no negligence on the part of the defendant, but there was gross negligence and carelessness on the part of the plaintiff.

Upon the admitted facts, there is no view of the case which would authorize a recovery.

*By the Court.*— The judgment of the circuit court is affirmed.