Sheridan vs. Bigelow and others.

SHERIDAN, Respondent, vs. BIGELOW and others, Appellants.

*May 4 — May 22, 1896.*

*Negligence: Personal injuries: Proximate cause: Special verdict: Railroads.*

1. A special verdict finding that plaintiff was injured by the failure of defendant to exercise ordinary care in respect to some duty which he owed to plaintiff is insufficient to support a judgment against defendant, without a further finding, or unless it appears conclusively from the evidence, that such injury was a natural and probable result of defendant's negligence and one which, in the light of attending circumstances, a person of ordinary intelligence ought reasonably to have foreseen.

2. Plaintiff was one of a crew employed to unload logs from cars. One of the skids used in that work was allowed to remain so near the track that a train moving into position for unloading struck it and threw it against plaintiff, knocking him under the cars and injuring him. In an action against the persons operating the railroad, who, however, had nothing to do with unloading the logs, the evidence is *held* to show conclusively that the negligence, if any, which caused the injury was that of plaintiff and his fellow-workmen in failing to keep the skids in proper position, or of the plaintiff in standing, with his back to the approaching train, regardless of the location of the skids and the liability of the train to strike them, or the negligence of both combined; and in either case defendants are not liable.

APPEAL from a judgment of the circuit court for Bayfield county: JOHN K. PARISH, Circuit Judge. *Reversed.*

Action to recover compensation for personal injuries. Defendants were engaged in operating a logging railroad which hauled logs to the shores of Chequamegon Bay, in Bayfield county, at which point the logs were unloaded as hauled, by a crew of men employed by W. A. Simpson & Co. Plaintiff was an employee of such company. Defendants had nothing to do with unloading the logs. The unloading consisted in rolling the logs from the cars onto skidways and into the water. The skidways sloped from the side of

the track down towards the bay. The skids were placed from two to three feet apart, and up as near to the track as the movements of the train would permit. They were loose, and likely to move up so that the cars would strike them; and it was customary for the unloaders, in such cases, to place them back the proper distance. Plaintiff knew this fact, and knew that, if the proper care was not taken to replace the skids, they would be liable to be hit by the cars. On the occasion in question, one of the skids had been allowed to remain projecting sufficiently far toward the track to interfere with the passage of the train. Plaintiff stood about six feet back from the track, with his back toward the way the train was approaching. He paid no attention to whether the skids were in proper place or not. The train, as it moved into position for unloading, struck the skid, throwing it against plaintiff, by means of which he was knocked under the cars and injured.

The jury found that plaintiff was injured in the manner above stated; that defendants failed to use ordinary care to keep their track free from obstructions on the occasion in question, or to use reasonable diligence to observe whether there was any obstruction on the track; and that there was no want of ordinary care on the part of plaintiff that contributed to produce the injury. Damages were assessed at $2,000. A motion was made by the defendants to set aside the verdict, and for a new trial, because the verdict was contrary to the law and evidence. The motion was denied. Judgment was entered on the verdict in plaintiff's favor, from which this appeal was taken.

For the appellants there was a brief by *Tomkins & Merrill,* and oral argument by *George H. Merrill.*

For the respondent there was a brief by *A. W. McLeod* and *Sanborn, Dufur & O'Keefe,* and oral argument by *A. W. Sanborn.*

MARSHALL, J.   The verdict is fatally defective for want of any finding on the subject of proximate cause.   It finds specially that defendants did not exercise ordinary care in the operation of their train and in keeping the track free from obstructions; that plaintiff was injured, and was not guilty of any want of ordinary care which contributed to produce such injury.   But that is not sufficient to cast upon defendants the consequences of such injury.   It should not be forgotten, in such cases, that the mere fact that one person is injured by the failure to exercise ordinary care on the part of another in respect to some duty which such other owes to such person, does not render such other liable therefor, unless such injury was the natural and probable result of such negligence and one which, in the light of attending circumstances, such other ought reasonably to have foreseen might probably occur as a result of such negligence.   This is absolutely an essential element of proximate cause, requisite to actionable negligence; and, where there is no general verdict, and such element does not appear conclusively from the evidence, and is not found by the special verdict, no valid judgment can be given upon it.   *Kreuziger v. C. & N. W. R. Co.* 73 Wis. 158; *Jewell v. C., St. P. & M. R. Co.* 54 Wis. 610; *Kerkhof v. Atlas Paper Co.* 68 Wis. 674; *McGowan v. C. & N. W. R. Co.* 91 Wis. 147; *Huber v. La Crosse City R. Co.* 92 Wis. 636.   As said in *McGowan v. C. & N. W. R. Co., supra,* in effect, the facts constituting proximate cause, *i. e.* not only that the injury was the result of want of ordinary care on the part of the defendants, but that, in the light of attending circumstances, a person of ordinary intelligence might have expected that such an injury might probably occur as a result of his failure to exercise ordinary care, are indispensable in order to constitute a continuous succession of facts so connected as to make a complete chain, a natural whole, reaching from the negli-

gent act down to the injury, and producing it, so as to show that such negligence and the injury stand in the relation of cause and effect, so as to establish defendants' legal liability for the consequences of it.

The real cause of the injury which plaintiff suffered, as conclusively shown by the evidence, was the failure on the part of Simpson & Co.'s men, of whom plaintiff was one, to keep the skids in position at a safe distance from the track. This phase of the case appears to have been entirely lost sight of in the submission of it to the jury, and there is no finding on the subject whatever. Ed. Parquette, one of plaintiff's witnesses, said, in substance: "I had seen the cars strike the skids before, but only touch them. The skids lay loosely. The effect of the logs on them was to work them back and forth." John Willet, another witness for plaintiff, said: "The men had to put the skids in place quite often to keep them clear from the train. That was part of our work,— to keep the skids in place." Plaintiff testified to the same effect. The unloading crew were all Simpson & Co.'s men, who were working separately and apart from defendants' crew. Hence the persons who operated the train had a right to assume that the unloading crew had performed their duty, and to operate the train accordingly. No other reasonable conclusion can be reached, from the evidence, but that, if negligence is shown in this case, it is that of plaintiff and his fellow-workmen under Simpson & Co. in negligently failing to see that the skids were so placed as to clear the train, or of plaintiff in standing, his back to the train as it moved in on the track, regardless of the location of the skids and the liability of the train to strike them, or the negligence of both combined; and in either event the resulting injury is not legally chargeable to the defendants. The motion, made at the close of plaintiff's case, to direct a verdict in defendants' favor, should have been granted. Failing in that, the motion to

set aside the verdict and for a new trial, as contrary to the evidence, should have been granted.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.