WARD, Respondent, vs. CHICAGO, MILWAUKEE & ST. PAUL
RAILWAY COMPANY, Appellant.

*January 11 — February 21, 1899.*

*Railroads: Injury to passenger standing on platform: Contributory neg-
ligence: Assumption of risk: Instructions to jury: Proximate cause:
General and special verdict.*

1. A railway passenger is not, as matter of law, guilty of negligence in
   standing on the platform of a car, even while it is in motion, if
   there is no room inside. If on boarding a car he finds it so crowded
   that he cannot get inside without the use of main force, and con-
   cludes to ride upon the platform, the question whether he is guilty
   of contributory negligence, or has assumed the extraordinary risks
   of that position, is one for the jury under proper instructions.

| 102 | 215 |
| f102 | 205 |
| 102 | 210 |
| f102 | 571 |
| 104 | 126 |
| 104 | 313 |
| d104 | 315 |
| d104 | 316 |
| 104 | 318 |
| 102 | 215 |
| 106 | 17 |
| d106 | 621 |
| 102 | 215 |
| 107 | 206 |
| 107 | 259 |
| 108 | 70 |
| 108 | 90 |
| 108 | 91 |
| 108 | 262 |
| 102 | 215 |
| 109 | 484 |
| 102 | 215 |
| 112 | 4 59 |
| 112 | 6 65 |
| 112 | 4228 |
| 102 | 215 |
| e114 | 6 37 |
| 114 | 6457 |
| f114 | 6599 |

2. A passenger on an excursion train is entitled to just as much care for his safety as one upon a regular train. In riding upon a crowded train he assumes the inconveniences resulting from its crowded condition, but not any increased risk.

3. In an action for injuries received by a passenger while standing on the platform of a railway car, a question in the special verdict being as to whether the negligence of defendant's employees in coupling the car was the proximate cause of the injuries, it was error to refuse an instruction, asked by defendant, that the jury must answer such question "No." unless they were satisfied to a reasonable certainty, from the greater weight of evidence, that it should be answered "Yes,"— the substance of such instruction not being given in the general charge.

4. An instruction to the effect that the expressions "proximate cause" and "direct cause" are equivalent and mean the immediate or inducing cause, was erroneous.

5. Where the questions submitted to the jury for a special verdict cover all the material, controverted issues of fact, the ruling of the court in refusing to submit more specific questions will not be reversed save for an abuse of discretion.

6. The object of a special verdict is to obtain from the jury answers to certain questions of fact, without regard to their legal effect upon the rights of the parties, and thus to obtain a result as far as possible free from sympathy and prejudice. The requiring of a general verdict also, and giving full instructions applicable to a general verdict, tends to defeat such object, and, if objections are duly made, is a material error.

APPEAL from a judgment of the circuit court for Rock county: JOHN R. BENNETT, Circuit Judge. *Reversed.*

This was an action to recover for personal injuries suffered by the plaintiff while riding upon a passenger train of the defendant. The evidence showed that on the 10th day of June, 1896, the plaintiff, who lived at Orfordville, Rock county, in this state, bought a ticket entitling him to passage over the defendant's railway to Janesville, and return. The ticket was sold at excursion rates because upon that day there was a picnic of the association known as the Modern Woodmen at Janesville, and the defendant company advertised excursion rates therefor. Upon the day in

question one train, comprising several cars, passed through Orfordville without stopping; but it was followed by another train of four or five cars, which stopped, and the plaintiff got upon that train. The evidence shows that he got upon the last car of the train, and that it was somewhat crowded, both in the seats and in the aisle, but that he succeeded in getting in the inside of the car at first. After he got in, he claims that others came in, and that he gave up his place to ladies, and was forced to stand in the front doorway of the car. He further claims in his testimony that, when the train arrived at Hanover and stopped, some people came out of the car and forced him onto the platform, and that he could not return into the car; that while he was so standing upon the platform the conductor came along and took his ticket, and just after he had taken his ticket another passenger car was attached to the end of the train with such great force that it threw him from his feet, and a part of his foot was caught between the bumpers of the car on which he was standing and the car immediately ahead of it, whereby he lost several toes.

The grounds of negligence claimed by the plaintiff were that the railroad furnished an insufficient number of cars, and also that the coupling was negligently and carelessly made. On the other hand, the defendant claimed contributory negligence on the part of the plaintiff in standing on the platform of the car, and denied any negligence on its part.

At the close of the evidence the defendant demanded a special verdict, and submitted questions therefor; and the court, while granting the request, decided that a general verdict should be found also, to which decision the defendant excepted. Thereupon the court submitted five questions to the jury as and for a special verdict, with some instructions adapted to each question, and then proceeded to give the jury a separate and independent charge, comprising

more than eight printed pages of the record, and applicable only to a general verdict.

The verdict rendered by the jury was as follows: "(1) Were the employees of the defendant company guilty of any negligence in coupling on the car at Hanover? *A.* They were. (2) If you answer the first question in the affirmative, then was such negligence the proximate cause of the injury which the plaintiff received on the occasion in question? *A.* It was. (3) Was the plaintiff in the exercise of ordinary care at the time he received the injuries complained of? *A.* He was. (4) Was the plaintiff guilty of any negligence directly contributing to the injuries which he received? *A.* He was not. (5) What damages did the plaintiff sustain in consequence of the injuries which he received? *A.* Five hundred dollars ($500). (6) We, the jury duly impaneled to try the issue in the above-entitled action, find for the plaintiff, and assess his damages at the sum of five hundred dollars ($500)."

Upon this verdict judgment was rendered for the plaintiff, and the defendant appeals.

*C. H. Van Alstine,* counsel for the appellant.

For the respondent there was a brief by *E. D. McGowan* and *M. G. Jeffris,* and oral argument by *Mr. Jeffris.*

WINSLOW, J.    1. It was argued in the present case that the evidence conclusively showed the plaintiff guilty of contributory negligence, because he was on the platform of the car when the accident occurred.    It has been frequently held that a passenger who voluntarily and unnecessarily rides upon the platform of a railway car assumes the risks which necessarily attend that exposed position; but, on the other hand, it has also been held that a passenger is not, as matter of law, guilty of negligence in standing on the platform of cars, even while in motion, if there is no room inside; nor is such passenger required to totally disregard the courtesies of life, by violently pushing and crowding his way by main

force through a crowd of people in order to reach the inside of the car. Fetter, Carr. Pass. § 167. Such a rule would make the question of negligence depend upon the brute strength of the passenger. If the car be so crowded that a reasonably prudent man would conclude that he could not get inside without unreasonably pushing and crowding his way by main force, and so would conclude to ride upon the platform, the question as to whether he is guilty of contributory negligence, or has assumed the extraordinary risks of that position, is one for the jury, under proper instructions. The evidence was sufficient in the present case to carry the question to the jury, under the above rule.

2. The second question of the special verdict was whether the negligence of the defendant's servants in coupling the car (if any such negligence had been proven) was the proximate cause of the plaintiff's injuries. In connection with this question the defendant asked an instruction to the effect that the jury must answer it "No," unless they were satisfied to a reasonable certainty, from the greater weight of evidence, that it should be answered "Yes." This instruction was refused; nor was its substance given in the general charge. The instruction was correct and its refusal was error. *Pelitier v. C., St. P., M. & O. R. Co.* 88 Wis. 521.

3. In connection with the same question the court charged the jury as follows: "The second question is: If you answer the first question in the affirmative, then was such negligence the proximate cause of the injury which the plaintiff received on the occasion in question? *The word 'proximate' means the direct cause,* and *the words 'direct cause' are equivalent to the words 'proximate cause.'* And, if you answer the first question in the affirmative, then you are to say whether that negligence was the proximate cause of the injury which the plaintiff received on the occasion in question. If you find that was the proximate cause, you

will say it was.    If you find it was not the proximate cause, you will say it was not." Plaintiff's counsel thereupon addressed the court as follows: "I ask the court to charge the jury that the words proximate cause have a settled legal definition, in connection with actions for negligence, and mean the immediate and inducing cause of the injury. *Court:* That is correct. *Proximate cause means the immediate or inducing cause of the injury. I used the word ' direct,' but that means the immediate and inducing cause.*"

The defendant duly excepted to the definitions of proximate cause so given, and it is clear that, under the long line of decisions in this court on that subject, such definitions were erroneous.    The subject has been so recently and fully discussed by Mr. Justice MARSHALL in *Deisenrieter v. Kraus-Merkel M. Co.* 97 Wis. 279, that further discussion here is unnecessary.

4. The third and fourth questions asked the jury whether the plaintiff exercised ordinary care or was guilty of contributory negligence.    In connection with these questions the defendant asked the following instruction, which was refused: "A passenger taking a crowded excursion train takes it with the increased risk and diminution of comfort incident thereto, and you are to consider this proposition of law in determining your answers to the third and fourth questions."

We have been referred to no case which holds that a passenger on an excursion train is not entitled, as matter of law, to expect just as much care to be exercised for his safety as a passenger upon a regular train, and we do not think such is the law.    This instruction is capable of being so construed, and hence we think it was properly refused.    Doubtless a passenger, when he rides upon a crowded train, assumes the inconveniences resulting from its crowded condition, but he cannot properly be said to assume any increased risk; nor

can the company be held to any less degree of care from the mere fact that the train is crowded, or the fact that it is an excursion train and not a regular train.

5. Error is assigned because the court did not submit to the jury a large number of questions presented by the defendant as a part of the special verdict. As will be seen by reference to the special verdict, the questions submitted by the court were five in number, and covered the following points: (1) Was the coupling negligently made? (2) Was it the proximate cause of the injury? (3) Was the plaintiff exercising ordinary care? (4) Was he guilty of contributory negligence? and (5) What damages did he suffer? The court told the jury in his general charge that the only ground of negligence claimed by the plaintiff was negligence in the coupling of the cars, thus eliminating the question of the negligent furnishing of an insufficient number of cars from the case. Reference to the pleadings and evidence shows that the five questions above set forth fully cover the material issues of fact in the case. The plaintiff's claim was negligence in the coupling of the cars, proximately causing his injury. The defendant's claim was that there was no negligence in the coupling, but that the plaintiff was negligent in standing on the platform, and thereby contributed to his own injury. All these questions are covered by the verdict, beyond doubt. It is true that the questions are quite general in their nature, and require careful instructions to be given in connection with them, in order to insure intelligent answers; but, as said in *Lee v. C., St. P., M. & O. R. Co.* 101 Wis. 352, the form of the questions must rest largely in the discretion of the trial court, and, as in other cases of discretionary action, the ruling of the court below will not be reversed, save for abuse of such discretion. Now, while the trial court in the present case might with propriety have submitted to the jury the question whether the plaintiff voluntarily stood upon the platform, or whether by ordinary effort

and diligence he could have found room in the car, we cannot say that it was error to cover those questions by the general question concerning contributory negligence.  *Schumaker v. Heinemann,* 99 Wis. 251; *Raymond v. Keseberg,* 98 Wis. 317.   The defendant submitted twenty questions covering very minutely the conduct of the various trainmen, and what they ought to have anticipated, and what the plaintiff ought to have anticipated, some of the questions being quite long and complicated.   It would have been nearly or quite a cross-examination of the jury, and such is emphatically not the purpose of the special verdict.   The purpose of the special verdict is to obtain separate findings upon the *material, controverted issues,* but not to settle every question upon which witnesses differ in the course of a trial; and it is also its purpose to obtain these findings in answer to a few questions, rather than in answer to many.   The greater the number of questions, the greater the opportunity for inconsistency in answers, resulting in mistrials and miscarriages of justice.   While such results may gratify the defendant, they are not the results which the court and the law seek. We find no reversible error in the form of the special verdict, nor in the refusal to incorporate the questions submitted by the defendant in it.

6.  A question remains to be considered which is of greater importance and difficulty than those previously discussed in this opinion.   After the special verdict was requested and allowed, the court announced that a general verdict would be required also, to which ruling of the court the defendant's counsel excepted.   The court, then, after submitting the questions of the special verdict, with some special instructions as to each question, gave to the jury an independent charge, covering some eight pages of the printed case, and going over the legal questions arising in the case in a form suitable only to a general verdict, and telling the jury under what circumstances the plaintiff could recover and under

what circumstances he could not recover; and to many of these propositions exception was taken. That this is the very thing which the special verdict is intended to prevent is evident from the law itself. The special verdict was expressly intended to submit to the jury for answer certain questions of fact, which they are to answer from the evidence, guided by instructions appropriate to the questions only, without regard to the legal effect of their answers upon the ultimate question of the rights of the parties. Thus, it was expected and intended to relieve the jury from all consideration as to whether their answers are consistent with a general recovery by either party, and thus to obtain a result as far as possible free from sympathy or prejudice.

With the wisdom of the law we have nothing to do. Properly used, it secures to parties a valuable right, and it should be carried out by the courts in such manner as to effectuate its purpose, if possible. That the submission of general propositions of law, suitable only to the case of a general verdict, tends to defeat the purpose of the law, has been frequently held by this court. *Ryan v. Rockford Ins. Co.* 77 Wis. 611; *Reed v. Madison,* 85 Wis. 679; *Coats v. Stanton,* 90 Wis. 130; *Conway v. Mitchell,* 97 Wis. 290; *Kohler v. West Side R. Co.* 99 Wis. 33.

The question of the propriety of submitting a general verdict side by side with a special verdict has been quite frequently referred to, and it must be admitted that the previous expressions of the court are not in entire harmony. Thus, it was said in *Davis v. Farmington,* 42 Wis. 425, very correctly, in substance, that a party is entitled, as matter of right, to have a special verdict containing a specific finding on every material issue, and that a want of this cannot be cured by a general verdict. But it was also said in that case that, where a special verdict is returned, there may be a general verdict also; citing R. S. 1858, ch. 132, sec. 14, and *Lemke v. C., M. & St. P. R. Co.* 39 Wis. 449. This latter

question does not seem to have been raised by any objection or exception in that case, nor does the proposition seem to be supported by the authorities cited.   In the *Lemke Case* it was simply held that a special verdict inconsistent with the general verdict would control, no question being raised as to the propriety of submitting a general and special verdict together.   The section of the statute cited (sec. 14, ch. 132, R. S. 1858, now the last sentence of sec. 2860, Stats. 1898) provides that, "when a special finding of facts shall be inconsistent with the general verdict, the former shall control the latter."   It seems to us very plain that this provision refers, not to a special verdict, but to those special findings of fact which may or may not cover the whole case, and which the court may, of its own motion, submit to a jury in connection with the general verdict.   R. S. 1858, ch. 132, sec. 11; Stats. 1898, sec. 2858.   But while this proposition seems not to have been called for in the case and not founded upon sound authority, still it is not to be denied that it has been repeated in various cases, in substantially this form, that, while a general verdict is unnecessary in connection with a special verdict, the mere fact of its submission is not error, as it harms neither party.   If it is inconsistent with the special verdict, the special verdict prevails; if consistent, it is a mere harmless legal conclusion.   Thus, in either case it is useless.   *Ault v. Wheeler & W. Mfg. Co.* 54 Wis. 300; *Hoppe v. C., M. & St. P. R. Co.* 61 Wis. 357; *Cooper v. Ins. Co. of Pa.* 96 Wis. 362.   The practical inconsistency of these decisions is manifest.   It is held that instructions on general legal propositions are not proper and may be error; but it is also held that the submission of a general verdict in connection with the special verdict is not error.   Certainly, if it is not error to submit a general verdict, it ought not to be error to give appropriate instructions upon it, and yet this very action has been held error.

The present case is a striking instance of the effect of sub-

mitting a special and general verdict together. The special verdict is briefly disposed of by the charge of the court, with a few general propositions, while the general verdict is made the principal feature of the case, and completely dwarfs the special. While this course finds implied, if not direct, support in decisions of this court, it is certainly plain that the whole purpose and intent of the law is liable to be thwarted by it; and we have, after mature deliberation, determined that it ought not to be tolerated. We do not decide that it is error to submit a general verdict in connection with the special verdict, where there is no objection and there is no general charge given, though such practice is not to be encouraged and is not in harmony with the intent of the law; but we hold that such a course is error in a case where objection is duly taken to the submission of a general verdict in connection with the special, and where the court gives full instructions on the general propositions of law involved, thus plainly informing the jury of the effect of their answers to the special questions, and how to make such answers consistent with the general verdict, especially where exception is taken to such general instructions.

So far as this rule is inconsistent with expressions contained in previous decisions of this court, they must be considered as overruled or modified in accordance herewith.

In connection with this subject, it may be proper to notice a class of cases in this court which seem to intimate that a defective special verdict may be helped out by a general verdict. Of this class is *Hutchinson v. C. & N. W. R. Co.* 41 Wis. 541, where it is said that, "in the absence of a general verdict, the special findings should include all the material issues made by the pleadings." See, also, *Eilert v. G. B. & M. R. Co.* 48 Wis. 606. There is also another class of cases which hold or intimate that where a special verdict is demanded, and all the issues are not covered by the special questions, but no objection is made on that ground, and a

general verdict is returned under correct instructions, the irregularity is waived; thus holding, in effect, that a general verdict may help out a defective special verdict. *Schultz v. C., M. & St. P. R. Co.* 48 Wis. 375; *Sherman v. Menominee River L. Co.* 77 Wis. 14; *Klatt v. N. C. Foster L. Co.* 92 Wis. 622.

How far these cases can be harmonized with the statute and the cases which hold that a party demanding a special verdict has an absolute right to a special finding on each material question (*Davis v. Farmington*, 42 Wis. 425; *F. Dohmen Co. v. Niagara F. Ins. Co.* 96 Wis. 38), or with the propositions determined in this case, seems a question of considerable difficulty. This question is not before us, and hence we cannot decide it; but we call attention to the seeming difficulty, in order that it may be avoided in future cases, as it may easily be by the exercise of care in covering all material issues by the questions of the special verdict.

We find no other questions that require discussion.

*By the Court.*— Judgment reversed, and action remanded for a new trial.

BARDEEN, J., took no part.