ZIMMER, Respondent, vs. Fox RIVER VALLEY ELECTRIC RAILWAY COMPANY, Appellant.

*June 5—July 3, 1903.*

*Street railways: Injuries to passengers: Riding on platform: Negligence: Contributory negligence: Special verdict: Appeal and error: Instructions to jury.*

1. In an action against a street railway to recover for an injury sustained in being thrown from the platform on which plaintiff was riding, the evidence, stated in the opinion, considered and *held* to sustain findings of defendant's negligence, and to relieve plaintiff of the charge of contributory negligence.

2. The special verdict prescribed by sec. 2858, Stats. 1898, is not designed to elicit from the jury a mere abstract of the evidence, and hence error cannot be assigned to a refusal to submit questions, the determination of which would settle nothing except the existence or non-existence of certain items of evidence.

3. In submitting a special verdict to the jury, it is not error to refuse to submit requested questions, where such questions are covered fully, or in substance, by instructions given on the questions actually submitted.

4. In an action for personal injuries, happening through being thrown from the platform of a street car on which plaintiff was riding, it is error to instruct the jury, in substance, that if they found that the car was crowded, and that plaintiff was required to stand upon the platform, he was entitled to just as much care for his safety as though the car was not crowded, and in riding on the platform he assumed the inconvenience resulting from the crowded condition, but *did not assume any increased risk.*

5. In such case, an instruction to the jury on the question of proximate cause, in substance, that in order to answer the question

in the affirmative, they must find from the testimony that the circumstances and conditions were such that defendant ought to have known that its conduct might produce the injury which plaintiff sustained, or to anybody else standing in the same relation he did, considered, and *held* to be vague, uncertain, and calculated to confuse the jury.

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Reversed.*

This is an action to recover damages for injury sustained by falling from a street car while riding thereon as a passenger for hire. The defendant answered by way of admissions, denials, and counter allegations. At the close of the trial the court found, by consent of counsel, that the plaintiff was injured by falling from a street car at the time and place described in the complaint, and the jury returned a special verdict to the effect (2) that such injury to the plaintiff was caused by the negligence of the defendant; (3) that such negligence consisted—"caused by the rapid motion of the car around a curve at the point where the accident occurred;" (4) that the negligence of the defendant was the proximate cause of the plaintiff's injury; (5) that there was no want of ordinary care on the part of the plaintiff at the time the accident happened which contributed to the injury he received; (6) that the amount of damages sustained by the plaintiff by reason of the injury so received was $800. From the judgment upon such verdict in favor of the plaintiff for the amount stated, the defendant brings this appeal.

*J. C. Kerwin,* for the appellant.

For the respondent there was a brief by *Eaton & Eaton,* attorneys, and *H. I. Weed,* of counsel, and oral argument by *L. K. Eaton.*

CASSODAY, C. J. It appears that the plaintiff got onto the defendant's street car while standing on Main street, opposite the Menasha Bank, in the city of Menasha, August 6, 1899. The track at that point ran in a northeasterly and

southwesterly direction. At a point 214 feet northeast of the place where the plaintiff got onto the car the track began to turn, and finally went directly east. While rounding the curve, the plaintiff fell off the car and was injured.

1. It is claimed that the case should have been taken from the jury for the reason that the evidence is insufficient to sustain a finding of negligence on the part of the defendant. Negligence is not a conclusion to be testified to by witnesses, but an inference to be deduced from the facts and circumstances disclosed by the evidence. *Kaples v. Orth,* 61 Wis. 533, 21 N. W. 633. Negligence is "an inference to be deduced ·from the facts and circumstances disclosed by the evidence. . . . When such facts and circumstances, though undisputed, are ambiguous, and of such a nature that reasonable men, unaffected by bias or prejudice, may disagree as to the inference or conclusion to be drawn from them, then the case should be submitted to the jury." *Id.; McDougall v. Ashland S. F. Co.* 97 Wis. 392, 73 N. W. 327. Of course, in support of the verdict in favor of the plaintiff, on this appeal, we are required to consider the evidence in his behalf in the most favorable light it will legitimately bear. *Nelson v. Shaw,* 102 Wis. 277, 78 N. W. 417; *Renne v. U. S. Leather Co.* 107 Wis. 320, 83 N. W. 473. In the case at bar the plaintiff testified to the effect that when he got onto the car it was full; that he at first stood on the lower step, and then on the upper step or platform, and held himself to the iron railing—the brass railing—on the back end, at the window, close to the door; that the car was overcrowded; that when the conductor came around and collected fare he put his hand in his side pocket and took out the money to pay his fare; that when he got at the curve the twist and fast driving around the curve threw him off and injured him; that his pocketbook was not fastened, and a part of the contents went on the ground and a part on the car. Other witnesses testified in his behalf, among other things, to the effect that the plaintiff

fell off the rear platform, head first, just as the car got past the curve; and the car was running perhaps five miles an hour, and as it came to this curve it gave a twist, and threw him off—he fell off; just before falling he had hold of the railing at the side or end of the car; that others were standing on the platform; that the car was overloaded—that is, people could not get off from the platform into the car; that the car went onto the curve just as it came down the main track; that the curve was sharp, and the car naturally gave a twist. Another witness, who was at or near the curve at the time, testified to the effect that as the car struck the curve it gave a very sudden lurch, and turned very sharply; the back end of the car came in view very suddenly; that the car came about the usual speed for it on Main street; that he did not notice any slackage at all; that it seemed to turn unusually quick; that he saw the plaintiff standing on the rear platform while coming, and afterwards saw him on the ground, but did not see him fall. Another witness on behalf of the plaintiff gave testimony of a similar import; and, among other things, to the effect that the car was crowded; that it came down on the main line from the bank without any perceptible stop or slackening of speed as it struck the curve; that it made an unusually sudden turn at the curve.

Viewing such testimony in the most favorable light for the plaintiff it will legitimately bear, and we are unable to say, as a matter of law, that the finding of the jury that the injury to the plaintiff was caused by the negligence of the defendant is not sustained by evidence. The same is true as to finding of the jury as to the absence of any contributory negligence on the part of the plaintiff.

2. Error is assigned because the court did not submit to the jury the thirteen questions requested by the defendant. Such questions were mostly of an evidentiary character, the determination of which would settle nothing except the existence or nonexistence of certain items of evidence. This

court has repeatedly held that the special verdict prescribed by the statute was never designed to elicit from the jury a mere abstract of the evidence. Sec. 2858, Stats. 1898; *Heddles v. C. & N. W. R. Co.* 74 Wis. 258, 42 N. W. 237; *Montreal R. L. Co. v. Mihills,* 80 Wis. 551, 50 N. W. 507; *Mauch v. Hartford,* 112 Wis. 54–58, 87 N. W. 816. These adjudications, and many others which might be cited, justified the court in refusing to submit most of such questions.

But counsel insists that the court improperly refused to submit certain "particular physical facts directly put in issue by the pleadings," and relies in support of such contention upon *Lee v. C., St. P., M. & O. R. Co.* 101 Wis. 352, 77 N. W. 714. In that case the only evidence in support of the verdict was the testimony of the plaintiff himself, and that was contradictory and in direct conflict with the testimony of a large number of other witnesses, and the determination of the physical facts put in issue by the pleadings was essential to determine the truth of the transaction; and so it was in effect held that, under the circumstances of the case, it was an abuse of the discretion vested in the trial court not to submit such questions to the jury. See pages 355, 356, 362, 101 Wis., pages 715, 717, 77 N. W. In following that case it has since been said by this court:

"The form of the questions must rest largely in the discretion of the trial court, and, as in other cases of discretionary action, the ruling of the court below will not be reversed, save for abuse of such discretion." *Ward v. C., M. & St. P. R. Co.* 102 Wis. 221, 78 N. W. 442. See, also, *Baxter v. C. & N. W. R. Co.* 104 Wis. 315, 80 N. W. 644; *Sladky v. Marinette L. Co.* 107 Wis. 257, 83 N. W. 514.

Particular objection is made because the court did not in form, as requested, submit to the jury the question whether the car was going at an unreasonable and dangerous rate of speed when the plaintiff fell off. The question was substantially covered, and almost in the language requested, in charging the jury under the second question submitted, and it was

necessarily determined by the jury in answering that question. The charge in that respect is unobjectionable. Counsel insists that the court should have submitted to the jury the question requested as to whether the defendant ought to have foreseen, in the light of the attending circumstances, that an injury to passengers would be the natural and probable result of operating the car as it was operated when the plaintiff fell off. The question was fully covered by the charge under the fourth question submitted. We must hold that the special verdict covers all the facts put in issue by the pleadings, and that there was no error in refusing to submit questions to the jury.

3. Error is assigned because the court, at the request of the plaintiff, charged the jury on the question of contributory negligence as follows:

"If you should find from the evidence that this car was crowded, and that the plaintiff was required to stand upon the platform, he was entitled to just as much care for his safety as though the car was not crowded, and in riding upon the platform he assumed the inconvenience resulting from the crowded condition, but *did not assume any increased risk.*"

This is sought to be justified by what was said by this court in *Ward v. C., M. & St. P. R. Co.* 102 Wis. 220, 221, 78 N. W. 442. But it will be observed that the refusal to give the instruction there requested was justified on the sole ground that the instruction was capable of being construed as stating "that a passenger on an excursion train is not entitled, *as a matter of law,* to expect just as much care to be exercised for his safety as a passenger upon a regular train." True, the court then said:

"Doubtless a passenger, when he rides upon a crowded train, assumes the inconveniences resulting from its crowded condition, but he cannot properly be said *to assume any increased risk;* nor can the company be held to any less degree of care from the mere fact that the train is crowded, or the fact that it is an excursion train, and not a regular train."

The trial court was manifestly induced to give the instruction so requested by reason of the statement in that opinion to the effect that a passenger on an "excursion train" or a "crowded train" "cannot properly be said to assume any increased risk"—meaning thereby to assume any increased risk "as matter of law," as stated in the previous sentence—but the expression was unfortunate. Undoubtedly, a passenger upon a crowded car is required to exercise that degree of care which ordinarily prudent persons are accustomed to exercise under like circumstances. 1 Thompson, Neg. § 2. Undoubtedly, the law requires a higher degree of care, attention, and diligence in some situations than in others. Id. The standard of care is what a reasonable and prudent man would ordinarily do under the circumstances of the particular case. Id. This court has held that "the test of negligence in such a case is the presence or absence of that degree of care which ordinarily prudent persons are accustomed to observe about the same or similar affairs, in similar circumstances." *Guinard v. Knapp-Stout & Co. Co.* 95 Wis. 482, 70 N. W. 671; *Nass v. Schulz,* 105 Wis. 146, 81 N. W. 133. We must hold that the giving of the instruction quoted was reversible error.

4. In charging the jury upon the question of proximate cause, they were told that, in order to answer the question in the affirmative, they must "find from the testimony that the circumstances and conditions were such that the defendant ought to have known that its conduct might produce the injury which the plaintiff sustained, or to anybody else standing in the same relation he did." Counsel contends that this was vague, uncertain, and calculated to confuse the jury. We must concur in this contention. The rule on the subject has been considered so often as not to require repetition. *Sheridan v. Bigelow,* 93 Wis. 426, 67 N. W. 732; *Andrews v. C., M. & St. P. R. Co.* 96 Wis. 348, 357, 71 N. W. 372; *Deisenrieler v. Kraus-Merkel M. Co.* 97 Wis. 279, 72 N. W. 735; *McFarlane v. Sullivan,* 99 Wis. 361, 364, 74 N. W.

559, 75 N. W. 71; *Dehsoy v. Milwaukee E. R. & L. Co.* 110 Wis. 415, 85 N. W. 973.

Other questions raised are not regarded of sufficient consequence to call for discussion.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded for a new trial.