(12 Misc. Rep. 403.)

WINCH v. THIRD AVE. R. CO.

(Common Pleas of New York City and County, General Term. May 6, 1895.)

STREET RAILROADS—INJURY TO PERSONS ON TRACK.
    The driver of plaintiff's ice cart looked up and down defendant's street-railway track before turning into the street in which the road ran, but saw no cars; then drove, at a walk, about fifty feet down said street,

where he turned in on the track. Defendant's car, approaching from behind at a high rate of speed, collided with the cart before it was fully on the track. *Held,* that the driver was guilty of contributory negligence in not looking for danger from the time he turned into the street until he went on the track.

Appeal from Eighth district court.

Action by Charles A. Winch against the Third Avenue Railroad Company for injuries to personal property. From a judgment for plaintiff rendered by the court without a jury, defendant appeals. Reversed.

Plaintiff's ice cart, proceeding down town upon the tracks of the defendant, was overtaken and collided with by one of defendant's cars, and was damaged to an extent for which recovery was sought and obtained in this action. The facts were that plaintiff's driver, coming to Third avenue after proceeding in an easterly direction along the south side of Thirty-Sixth street, turned the cart into the avenue at a walk, and proceeded 50 feet on the westerly side, when an obstruction made it expedient for him to turn in upon the defendant's track. The wagon was not fully upon the track when the collision occurred. Plaintiff's servant, according to his testimony, had looked for approaching cars at the intersection of the street before turning into Third avenue, and had seen no car, but did not look again prior to the collision. The appeal is rested upon the plaintiff's evidence, defendant having called no witnesses in the court below.

Argued before BOOKSTAVER, BISCHOFF, and GIEGERICH, JJ.

Henry L. Scheuerman, for appellant.

Browne & Sheehan, for respondent.

BISCHOFF, J. The testimony given with regard to the force of the impact between the vehicles justifies the inference that the defendant's car was proceeding at a high rate of speed immediately prior to the collision. After plaintiff's servant had looked for approaching danger at the intersection of the streets, he turned his cart into Third avenue, at a walk, and in the same manner proceeded for a distance of 50 feet before turning in upon the track, and had nearly brought the cart completely upon it when collided with by the car. There is fairly room for an assumption, then, that at the time when he looked up and down the track, as asserted, the car was not sufficiently near to call for notice as an element of danger; and hence his testimony that he did so look, and saw no car, may be credited, taking it in its natural sense. Strictly speaking, it would be well-nigh impossible for one to look up and down the tracks of a street railway, actively operated upon a straight track of the extent of the line of this defendant at the location where the matters in suit occurred, and fail to see a car at some point; but to await such a situation of extreme safety is not the duty of one attempting to cross a track in a city street. But if the car had actually come from a point where its presence was no source of danger to plaintiff's cart when his servant looked up and down the track, to a point where it became a destructive agent, during the time in which he proceeded at a walk, while turning the corner and driving 50 feet along Third avenue at the same gait, before turning in upon the track, then his failure to look again for danger at the point where

he so turned in was in disregard of his legal duty, and contributory negligence is apparent from the admitted fact that he did not look at that time. The judgment must be reversed, and since, upon the admitted facts, plaintiff could not succeed on a second trial, the complaint should be dismissed. All concur.