BAGNOWSKI, by guardian *ad litem*, Respondent, vs. A. J. LIN-
DERMAN & HOVERSON COMPANY, Appellant.

*May 27 — June 19, 1896.*

*Master and servant: Proximate cause of injury: Special verdict.*

A special verdict finding that plaintiff was injured while operating
a machine in defendant's factory by direction of the foreman, that
there was a defect or want of repair in the machine, and that de-
fendant had failed to give plaintiff such general instructions and
caution as would enable him to comprehend the danger, but not
finding that the injury was caused by such defect or failure or
that defendant's negligence was the proximate cause thereof, is
*held* insufficient to sustain a judgment for plaintiff.

APPEAL from a judgment of the superior court of Mil-
waukee county: R. N. AUSTIN, Judge. *Reversed.*

This action was brought to recover damages which the
plaintiff, a minor of the age of seventeen years, had sustained,
as alleged, by reason of the negligence of the defendant,
while he was employed in running a certain machine or cut-
ting press used in its business. It was alleged, and the evi-
dence tended to show, that the machine contained a double
set of knives, three on top and three below, and was oper-
ated by steam power, by means of a belt attached to other
gearing in the shop, and was used for cutting stovepipe el-
bows, and that the knives were so attached as to cut four
pieces at each stroke. The plaintiff, in operating the ma-
chine, was obliged to hold a piece of sheet iron in his hands,
and shove it in and adjust it between the knives; and in
doing so it became necessary for him to gauge the sheet in
such a way that his fingers, each time, came within an inch
of the knives, and he had to hold it there, against the gauges,
and then bring his foot down upon the treadle, and this
caused the knives to cut the sheet of iron. It was alleged
that by reason of youth and inexperience the plaintiff did

Bagnowski vs. A. J. Linderman & Hoverson Co.

not comprehend and appreciate the danger incident to the employment, as the defendant knew, and that the defendant failed and neglected to give him proper instructions in that respect; that, while operating said machine, it became out of order, so that the pieces of iron cut would accumulate between the knives to the number of twenty-five or thirty, adhering together, and while he was attempting to adjust a piece of sheet iron so as to cut it properly, the knives not being in motion, about thirty pieces of iron fell down from where they had so adhered, upon the treadle of the machine, and caused a stroke of the knives by which they cut off the greater part of three fingers of the plaintiff's right hand; that at the time said knives were very dull and so imperfectly set as to cause such pieces of iron to so accumulate and adhere together; that said machine was otherwise out of order, causing said pieces of iron to clog, instead of dropping one by one from the machine, and in that it did not have a guard before said knives, or a partition to prevent said pieces from falling upon the treadle; that such guard and partition could have been placed in the machine without interfering with its operation or usefulness, and at a slight cost; and that the machine was not a reasonably safe appliance at the time of the injury, as the defendant well knew. It was alleged that the failure to instruct the plaintiff how to run or operate the machine, and the said defects in the machine, were the proximate cause of the plaintiff's injury.

The defendant put in issue the allegations of the complaint, and charged that negligence on the part of the plaintiff, in the manner in which he operated the machine and used his hands, proximately caused or contributed to his injury.

At the trial before a jury, after evidence had been given tending to support the contentions of the respective parties, a special verdict was rendered as follows: (1, 2) The plaint-

iff was injured while engaged in operating a machine in the defendant's factory by direction of the foreman having control of the work on said machine. (3) He consented to enter upon said work. (4) There was a defect or want of repair in the machine at the time. (5) The defendant or its agent did not give the plaintiff such general instructions and caution as would enable him, by the use of his intelligence, to comprehend the danger which he might incur in his work. There were several other findings, and an assessment of damages of $2,000; but there was no finding that the plaintiff's injury was caused by any defect or want of repair in the machine, nor by reason of the failure of the defendant or its agent to give the plaintiff proper instructions or caution as to the method or manner of doing his work or the danger incident to his employment in operating the machine, or that it was caused by the negligence of the defendant, either proximate or remote, in any other respect. The court denied the defendant's motion to set aside the special verdict, and judgment was entered thereon for damages and costs, from which the defendant appealed.

For the appellant there was a brief by *Van Dyke & Van Dyke & Carter*, and oral argument by *W. E. Carter*.

For the respondent there was a brief by *Toohey & Gilmore*, and oral argument by *John Toohey*.

PINNEY, J. The special verdict in this case is fatally defective. The plaintiff was not entitled to recover damages against the defendant because he suffered injuries while in the defendant's employ. Before he could recover, it must have appeared that the defendant's negligence was the proximate cause of such injury. Whether the defendant's negligence was the proximate cause of the injury was the real question, much contested on the trial, and there was no finding upon this vital point. The finding does not embrace the entire issue, and does not sustain the judgment given for the

plaintiff, and the judgment must therefore be reversed. *Mc-Gowan v. C. & N. W. R. Co.* 91 Wis. 147, 155; *Davis v. C., M. & St. P. R. Co., ante,* p. 470.

Several other questions were presented by the record, and fully discussed; but as they may not arise on another trial, when other evidence may be produced, it is not deemed necessary to express any opinion in respect to them.

*By the Court.*— The judgment of the superior court is reversed, and the cause is remanded for a new trial.