# WELCH v. FARGO & MOORHEAD STREET RAILWAY COMPANY, a Corporation.

### (140 N. W. 680.)

**Conflict in evidence — negligence — contributory negligence — question for jury — special verdict — ultimate facts.**

1. Where there is a substantial conflict in the evidence, negligence and contributory negligence are ultimate questions of fact for the jury, and not of law for the court. Where, therefore, a special verdict is submitted in a personal injury case, it is not only proper, but necessary, that questions involving such ultimate facts should be submitted and answered.

**Sufficiency of evidence to sustain findings.**

2. Evidence examined and *held* to support findings of jury and the judgment of the court.

### On Petition for Rehearing.

**Negligence — contributory negligence — last clear chance — pleading.**

3. The doctrine of discovered peril, or of the last clear chance, may be urged under a general allegation of negligence.

**Negligence — contributory negligence — last clear chance — presumptions — street railways.**

4. Where a hack driver was driving within a short distance of and parallel

to the street railway track, and within the track of the car, though not of the rail, and was overtaken and run down by a rapidly approaching car, which sounded no gong and gave no warning of its approach, and the evidence showed that though he started to turn across the track of said railway just before the accident, he would have been run down whether he had so turned or not, and that the motorman could have seen him during all of the time he was on said street and in the track of said car, and that when first turning upon said street and while about 480 feet from the scene of the accident, he turned to look back for an approaching car and saw none, but did not look again, though he listened for approaching cars, *held*, that the court will not presume contributory negligence as a matter of law, and that in such a case the doctrine of the last clear chance will be held to apply.

Opinion filed February 1, 1913.   On petition for rehearing March 7, 1913.

Appeal from the District Court for Cass County; *Pollock, J.*

Action to recover damages for personal injuries received by reason of the alleged negligence of defendant. Verdict and judgment for the plaintiff. Defendant appeals.

Affirmed.

This is an appeal from an order denying appellant's and defendant's motion for judgment notwithstanding the verdict, or for a new trial, and also from the judgment entered herein in favor of the respondent. It is a personal injury case. The plaintiff and respondent was a hack driver in the city of Fargo, and had been such for a number of years. He was familiar with the appellant's system of street cars and was an experienced driver. On the day of the accident he delivered a passenger at the Metropole Hotel, and then drove some little distance westwardly, to Broadway, and then south along Broadway and on the west side, to Front Street, thence on the north side of the defendant's tracks west on Front street. Broadway and Front street intersect at right angles a short distance south of the Northern Pacific tracks, which in turn intersect Broadway. The street car line of the defendant and appellant runs along Broadway, and continues in a westerly direction along Front street, which latter street runs east and west. The plaintiff, on reaching Front street, kept on the right side, that is to say, on the north side of the street car track, and drove along and upon said street at a slow trot, and, according to some of the evidence, at least, within a few in-

ches of the north rail of the track. It was proved that the street car which occasioned the accident extended over 3 feet beyond such outer rail of the track, so that, according to the weight of the testimony, the plaintiff and respondent was at no time without the area of the street car, though there were times when he was not actually upon the track. It was a rainy morning. As he turned west on front street he looked back as far as the Northern Pacific tracks, north on Broadway a distance of from 150 to 175 feet (though the exact distance is not shown in the evidence, but merely in the arguments of counsel), and saw no car south of such track. He then, as stated, proceeded on Front street with the south wheels of his hack within a few inches of the north rail of the street car track. He was driving at a trot. He continued in this position until about the middle of the block, that is to say, until he was about 480 feet west of the intersection of Broadway and Front street, and, without again looking to the rear, turned suddenly to the south and across the track, and so close to an approaching car that after he turned the car could not possibly have been stopped, and he was struck and injured. The evidence shows, at least there is credible evidence which shows, that even before plaintiff turned to the south and directly across the track, and, indeed, all the time that he was on said Front street, he was within a few inches of the north rail of the street car track and within the area of the car, so that the collision would have occurred whether he had turned across the track or not, so that it cannot be said that the turning south across the track was the occasion of the accident. All of the witnesses testify that the motorman applied the brakes and reverse as soon as he saw the hack turn south and across the track. One witness testified that the car was going at an unusual speed. Another witness testified: "It seems to me that the car was running fast, but of course I am no judge." Another testified that "the car was coming fast." Another testified, "The speed of the car was 6 to 8 miles per hour." The jury found that defendant's car was moving at the time of the accident 14 miles an hour, and that the time which elapsed between the place where plaintiff looked back to see whether a street car was on Broadway, that is to say, the time when he first reached Front street, and the time of the accident, was one minute. Two witnesses testified positively that the gong was not sounded,—that no gong rang. The respondent and three of his wit-

24 N. D.—30.

nesses testified that they heard no gong. Six witnesses, that the gong was sounded. The question of the ringing of the gong, therefore, was one for the jury. The special verdict found that the car at the time of the accident was moving at the rate of 14 miles per hour; that the plaintiff was driving his team at the rate of 3 miles an hour; that no gong was sounded; that the motorman was guilty of lack of ordinary care in the operation of his car at the time of the accident; that such want of ordinary care proximately caused the injury; that plaintiff looked back upon arriving at Front street but not afterwards; that he listened for the approach of the car, however, from the rear; that he could not, in the exercise of ordinary care and diligence, have seen the approaching car in time to avoid the accident; that he was not guilty of any want of ordinary care which contributed to the injury; that after the motorman saw the plaintiff drive on the track he had time to stop the car and avoid the accident; that the plaintiff listened for the approach of the car from the rear; that he went so near the track that the car could not pass him without hitting his wagon; that the motorman, after he saw plaintiff's danger, did not make a reasonable effort to reduce the car to proper control, nor did he do so when he saw the plaintiff's vehicle on or near the track; that one minute elapsed between the place where the plaintiff looked back to see whether a car was on Broadway south of the Northern Pacific track and the time when he was struck by the defendant's car on Front street; that the plaintiff arrived upon or near the track of the defendant company so near the car in question that the motorman in charge of such car, after seeing him exposed to danger, might have avoided injuring him by the exercise of ordinary or reasonable care; that the motorman did not use ordinary care to reduce the car to control for such purpose. It also found generally the fact of the accident and the injuries, etc.; also that "the car was running at a dangerous rate of speed at the time of the accident." From a judgment for damages, for injuries to the plaintiff, both to himself, his horses, and his carriage, in the sum of $2,625, with interest, defendant appeals to this court.

Appellant assigns as error that such special verdict was insufficient to sustain the judgment, and that the court erred in refusing to grant its motion for a directed verdict and in entering judgment for the plaintiff thereon. It states that the evidence was insufficient to sustain the

verdict in that it wholly failed to show that the defendant was guilty of any negligence which caused or contributed to the injuries sustained; that it failed to show that the defendant did not exercise due care in the running of the street car; that the gong was not repeatedly sounded; that the speed of the car was excessive; that the car was not under control, and was not stopped as soon as possible; and defendant maintains that the proof of the plaintiff affirmatively discloses that he was guilty of contributory negligence in that, while driving ahead of defendant's car in the middle of the block, he turned suddenly south across the track, immediately in front of the street car, and drove up on the track without listening or looking, when the car of the defendant was so near to him that had he listened or had he looked he must have seen it and avoided the accident. Other errors were assigned, but were not urged by counsel either in his brief or oral argument, and may therefore be deemed to have been waived.

*Stambaugh & Fowler,* for appellant.

The special verdict herein was insufficient to sustain the judgment entered thereon. A special verdict should find the ultimate physical facts put in issue by the pleadings, and will not support a judgment if it merely finds conclusions of law or conclusions of fact. Lee v. Chicago, St. P. M. & O. R. Co. 101 Wis. 352, 77 N. W. 717; Davis v. Farmington, 42 Wis. 425; Laird v. Otsego, 90 Wis. 25, 62 N. W. 1042; Morrison v. Lee, 13 N. D. 600, 102 N. W. 223; Cleveland, C. C. & St. L. R. Co. v. Hadley, 12 Ind. App. 516, 40 N. E. 760; Gaston v. Bailey, 14 Ind. App. 581, 43 N. E. 254; Pittsburgh, C. & St. L. R. Co. v. Spencer, 98 Ind. 186, 11 Am. Neg. Rep. 437; Chicago, St. L. & P. R. Co. v. Burger, 124 Ind. 275, 24 N. E. 981; Louisville, N. A. & C. R. Co. v. Miller, 141 Ind. 533, 37 N. E. 343; 9 Am. Neg. Cas. 288; Walkup v. May, 9 Ind. App. 409, 36 N. E. 917; Evansville & T. H. R. Co. v. Taft, 2 Ind. App. 237, 28 N. E. 443, 24 L.R.A.(N.S.) 1, note, particularly pp. 30–78.

Right to attack sufficiency of special verdict to support the judgment, is not waived or lost, by failure to object that other questions are not submitted, or failure to request them. Where a judgment is based upon a special verdict alone, which fails to determine all the material and controverted facts in issue, there can be no waiver. Sherman v. Meno-

minee River Lumber Co. 77 Wis. 14, 45 N. W. 1079; Johnson Bros. v. Glaspey, 16 N. D. 335, 113 N. W. 602.

The respondent was guilty of such contributory negligence as to preclude a recovery. He failed to look and listen. A driver of a vehicle—particularly when crossing track in the middle of a block, and not at a street crossing or intersection—must both look and listen before crossing. 2 Thomp. Neg. § 1438; 7 Thomp. Neg. § 1438; Nellis, Street R. Acci. Law, 2d ed. p. 947, p. 968.

Such rule has been adopted in the following states: Ala.—Highland Ave. & Belt R. Co. v. Sampson, 112 Ala. 425, 20 So. 566; Birmingham R. Light & P. Co. v. Oldham, 141 Ala. 195, 37 So. 452, 3 Ann. Cas. 333; Cal.—Harrington v. Los Angeles R. Co. 140 Cal. 514, 63 L.R.A. 238, 98 Am. St. Rep. 85, 74 Pac. 15; Bailey v. Market Street Cable R. Co. 110 Cal. 320, 42 Pac. 914; Del.—Cox v. Wilmington City R. Co. 4 Penn. (Del.) 162, 53 Atl. 569; Snyder v. People's R. Co. 4 Penn. (Del.) 145, 53 Atl. 433; Ga.—Cain v. Macon Consol. Street R. Co. 97 Ga. 298, 22 S. E. 918; Ind.—Robards v. Indianapolis Street R. Co. 32 Ind. App. 297, 66 N. E. 66, 67 N. E. 953; McCoy v. Kokomo R. & Light Co. 158 Ind. 662, 64 N. E. 92; Young v. Citizens' Street R. Co. 148 Ind. 54, 44 N. E. 927, 47 N. E. 142, 2 Am. Neg. Rep. 703; Iowa—Reem v. Tama & T. Electric R. & Light Co. 104 Iowa, 563, 73 N. W. 1045; Kan.—Honick v. Metropolitan Street R. Co. 66 Kan. 124, 71 Pac. 265; Burns v. Metropolitan Street R. Co. 66 Kan. 188, 71 Pac. 244; Metropolitan Street R. Co. v. Agnew, 65 Kan. 478, 70 Pac. 345, 12 Am. Neg. Rep. 599; La.—Schutt v. Shreveport Belt R. Co. 109 La. 500, 33 So. 577; Cowden v. Shreveport Belt R. Co. 106 La. 236, 30 So. 747; Snider v. New Orleans & C. R. Co. 48 La. Ann. 1, 18 So. 695.; Md.—Baltimore Traction Co. v. Helms, 84 Md. 515, 36 L.R.A. 215, 36 Atl. 119, 1 Am. Neg. Rep. 63; Me.—Warren v. Bangor, O. & O. T. R. Co. 95 Me. 115, 49 Atl. 609, 10 Am. Neg. Rep. 67; Mass.—Hurley v. West End Street R. Co. 180 Mass. 370, 62 N. E. 263; Bierne v. Lawrence & M. Street R. Co. 197 Mass. 173, 83 N. E. 359; Mich.—McCarthy v. Detroit Citizens' Street R. Co. 120 Mich. 400, 79 N. W. 631; Mo.—Giardina v. St. Louis & M. River R. Co. 185 Mo. 330, 84 S. W. 928; N. J.—VanNess v. North Jersey Street R. Co. 75 N. J. L. 273, 67 Atl. 1027; Shuler v. North Jersey Street R. Co. 75 N. J. L. 824, 127 Am. St. Rep. 834, 69 Atl.

180; N. Y.—Martin v. Third Ave. R. Co. 27 App. Div. 52, 50 N. Y. Supp. 284; McKinley v. Metropolitan Street R. Co. 77 App. Div. 256, 79 N. Y. Supp. 213; Rider v. Syracuse Rapid Transit R. Co. 171 N. Y. 139, 58 L.R.A. 125, 63 N. E. 836; Or.—Wolf v. City & Suburban R. Co. 45 Or. 446, 72 Pac. 329, 78 Pac. 668; Pa.—Moser v. Union Traction Co. 205 Pa. 481, 55 Atl. 15; R. I.—Price v. Rhode Island R. Co. 28 R. I. 220, 125 Am. St. Rep. 736, 66 Atl. 200; Beerman v. Union R. Co. 24 R. I. 275, 52 Atl. 1090; Tenn.—Knoxville Traction Co. v. Brown, 115 Tenn. 323, 89 S. W. 319; Tex.—Citizens' R. Co. v. Holmes, 19 Tex. Civ. App. 266, 46 S. W. 116; Va.—Portsmouth Street R. Co. v. Peed, 102 Va. 662, 47 S. E. 850; Wis.—Cawley v. La Crosse City R. Co. 101 Wis. 145, 77 N. W. 179; W. Va.—Riedel v. Wheeling Traction R. Co. 63 W. Va. 522, 16 L.R.A.(N.S.) 1123, 61 S. E. 821.

It is negligence, as a matter of law, for a driver of a vehicle to turn suddenly across a street car track in front of a moving car, without ascertaining whether a car is coming. 2 Thomp. Neg. § 1470 and cases cited.

A clear case of contributory negligence is where the driver suddenly and without warning, and without looking, turns his horse across a street railway track directly in front of an approaching car. Indianapolis Street R. Co. v. Marschke,— Ind. App. —, 70 N. E. 494; Indinapolis Street R. Co. v. Schmidt, 35 Ind. App. 202, 71 N. E. 663, 72 N. E. 478; Fairbanks v. Bangor, O. & O. R. Co. 95 Me. 78, 49 Atl. 421; Hannon v. North Jersey Street R. Co. 65 N. J. L. 547, 47 Atl. 803; McHugh v. North Jersey Street R. Co. — N. J. L. —, 46 Atl. 782; Reichenberg v. Interurban Street R. Co. 84 N. Y. Supp. 523; Reed v. Metropolitan Street R. Co. 58 App. Div. 87, 68 N. Y. Supp. 539; Fritz v. Detroit Citizens' Street R. Co. 105 Mich. 50, 62 N. W. 1007; Boerth v. West Side R. Co. 87 Wis. 288, 58 N. W. 376; Cawley v. La Crosse City R. Co. 101 Wis. 145, 77 N. W. 179; Borshall v. Detroit R. Co. 115 Mich. 473, 73 N. W. 551; Moser v. Union Traction Co. 205 Pa. 481, 55 Atl. 15; McGee v. Consolidated Street R. Co. 102 Mich. 107, 26 L.R.A. 300, 47 Am. St. Rep. 507, 60 N. W. 293; Kessler v. Citizens' Street R. Co. 20 Ind. App. 427, 50 N. E. 891; Davidson v. Denver Tramway Co. 4 Colo. App. 283, 35 Pac. 920; Christensen v. Union Trunk Line, 6 Wash. 75, 32 Pac. 1018; Cicardi v. St. Louis

Transit Co. 108 Mo. App. 462, 83 S. W. 980; Seele v. Boston & N. Street R. Co. 187 Mass. 248, 72 N. E. 971; Butler v. Rockland, T. & C. Street R. Co. 99 Me. 149, 100 Am. St. Rep. 267, 58 Atl. 775; Harris v. Lincoln Traction Co. 78 Neb. 681, 111 N. W. 580; Hurley v. West End Street R. Co. 180 Mass. 370, 62 N. E. 263; Kelly v. Wakefield & S. Street R. Co. 175 Mass. 331, 56 N. E. 285; Dunn v. Old Colony Street R. Co. 186 Mass. 316, 71 N. E. 557; Riedel v. Wheeling Traction Co. 63 W. Va. 522, 16 L.R.A.(N.S.) 1123, 61 S. E. 821; Helber v. Spokane Street R. Co. 22 Wash. 319, 61 Pac. 40.

Where the facts disclose a case wherein the failure to look and listen was such clear negligence that no two minds could ·differ in pronouncing it such, the court should rule, as a matter of law, that the plaintiff was guilty of such contributory negligence as to prevent him from recovery. Terien v. St. Paul City R. Co. 70 Minn. 532, 73 N. W. 412; Russell v. Minneapolis Street R. Co. 83 Minn. 304, 86 N. W. 346; Hickey v. St. Paul City R. Co. 60 Minn. 119, 61 N. W. 893; Donovan v. Lynn & B. R. Co. 185 Mass. 533, .70 N. E. 1029; Seele v. Boston & N. Street R. Co. 187 Mass. 248, 72 N. E. 971; Robinson v. Rockland, T. & C. Street R. Co. 99 Me. 47, 58 Atl. 57, 16 Am. Neg. Rep. 356; Helliesen v. Seattle Electric Co. 56 Wash. 278, 105 Pac. 458.

The traveler should look and listen both ways attentively, for a coming car, at places where these acts will be reasonably certain to effect their purpose, and this duty is not performed by a traveler who looks when he first enters on a street, but does not thereafter, until he is on the track. 2 Thomp. Neg. § 1444; 7 Thomp. Neg. § 1439; Snider v. New Orleans & C. R. Co. 48 La. Ann. 1, 18 So. 695; Healey v. Brooklyn Heights R. Co. 18 App. Div. 623, 45 N. Y. Supp. 393; Cawley v. La Crosse City R. Co. 101 Wis. 145, 77 N. W. 179; McGee v. Consolidated Street R. Co. 102 Mich. 107, 26 L.R.A. 300, 47 Am. St. Rep. 507, 60 N. W. 293; Winch v. Third Ave. R. Co. 12 Misc. 403, 33 N. Y. Supp. 615; Hemingway v. New Orleans City & Lake R. Co. 50 La. Ann. 1087, 23 So. 952; Tesch v. Milwaukee Electric R. & Light Co. 108 Wis. 593, 53 L.R.A. 618, 84 N. W. 823, 9 Am. Neg. Rep. 388; Denver City Tramway Co. v. Cobb, 90 C. C. A. 459, 164 Fed. 41; Hart v. Northern P. R. Co. 116 C. C. A. 12, 196 Fed. 180.

The doctrine of "last clear chance" does not apply in this case. To take advantage of such rule, it must be properly pleaded. Clancy v. St. Louis Transit Co. 192 Mo. 615, 91 S. W. 509; Gront v. Central Electric R. Co. 125 Mo. App. 552, 102 S. W. 1026.

The burden of proof is upon plaintiff to prove not only negligence on the part of defendant, but that the "last clear chance" doctrine is established. Crenshaw v. Asheville & B. Street R. & Transp. Co. 144 N. C. 314, 56 S. E. 945.

Plaintiff must establish by a preponderance of the evidence, not only the defendant's negligence, but that such negligence was the proximate cause of the injury. Ibid; McGauley v. St. Louis Transit Co. 179 Mo. 583, 79 S. W. 461; Markowitz v. Metropolitan Street R. Co. 186 Mo. 350, 69 L.R.A. 389, 85 S. W. 351; Denver City Tramway Co. v. Cobb, 90 C. C. A. 459, 164 Fed. 43, and cases cited; Alger S. & Co. v. Duluth-Superior Traction Co. 93 Minn. 314, 101 N. W. 298, 17 Am. Neg. Rep. 95; Fellenz v. St. Louis & Suburban R. Co. 106 Mo. App. 154, 80 S. W. 49; Drown v. Northern Ohio Traction Co. 76 Ohio St. 234, 10 L.R.A.(N.S.) 421, 118 Am. St. Rep. 844, 81 N. E. 326.

The doctrine of "last chance" can only be applied in cases where the negligence of the defendant is proximate, and that of the plaintiff remote. It cannot apply where the negligence of both is concurrent or continuous. State use of Carey v. Cumberland & W. Electric R. Co. 106 Md. 529, 16 L.R.A.(N.S.) 297, 68 Atl. 197; Kelly v. Boston Elev. R. Co. 197 Mass. 420, 15 L.R.A.(N.S.) 282, 83 N. E. 865; Volosko v. Interurban Street R. Co. 190 N. Y. 206, 15 L.R.A.(N.S.) 1117, 82 N. E. 1090; Tognazzi v. Milford & U. Street R. Co. 201 Mass. 7, 21 L.R.A.(N.S.) 309, 86 N. E. 799; 1 Thomp. Neg. § 177.

*V. R. Lovell,* for respondent.

The question whether negligence or contributory negligence exists, except when there is no conflict in the evidence, has always been held by this court to be a question of fact for the jury. Cameron v. Great Northern R. Co. 8 N. D. 124, 77 N. W. 1016, 5 Am. Neg. Rep. 454; Heckman v. Evenson, 7 N. D. 173, 73 N. W. 427; Mares v. Northern P. R. Co. 3 Dak. 336, 21 N. W. 5 (affirmed in 123 U. S. 710, 31 L. ed. 296, 8 Sup. Ct. Rep. 321); Boss v. Northern P. R. Co. 5 Dak. 308, 40 N. W. 590; McTavish v. Great Northern R. Co. 8 N. D. 333,

79 N. W. 443; Carr v. Minneapolis, St. P. & S. Ste. M. R. Co. 16 N. D. 217, 112 N. W. 972.

Plaintiff is presumed to be in the exercise of ordinary care, and contributory negligence is a matter of defense. Mares v. Northern P. R. Co. 3 Dak. 336, 21 N. W. 5; Sanders v. Reister, 1 Dak. 151, 46 N. W. 680; Ouverson v. Grafton, 5 N. D. 281, 65 N. W. 676; Gram v. Northern P. R. Co. 1 N. D. 252, 46 N. W. 972; Kunkel v. Minneapolis, St. P. & Ste. M. R. Co. 18 N. D. 380, 121 N. W. 830; Cameron v. Great Northern R. Co. 8 N. D. 133, 77 N. W. 1016, 5 Am. Neg. Rep. 454; Carr v. Minneapolis, St. P. & S. Ste. M. R. Co. 16 N. D. 217, 112 N. W. 972.

It is not objectionable that the answer of the jury to a special interrogatory is a conclusion of fact.

If an inference or conclusion from a fact or facts is itself a fact proper to be found by a jury, it may be made the subject of an interrogatory. Udell v. Citizens' Street R. Co. 152 Ind. 507, 71 Am. St. Rep. 336, 52 N. E. 799, 5 Am. Neg. Rep. 562.

Special verdicts should find the ultimate or constitutive facts, and not matters which are merely evidentiary in their nature. Russell v. Meyer, 7 N. D. 340, 47 L.R.A. 637, 75 N. W. 262; Lathrop v. Fargo-Morehead Street R. Co. 23 N. D. 246, 136 N. W. 88; Fraser v. Churchman, 43 Ind. App. 200, 86 N. E. 1029.

Evidentiary matters in the verdict are not fatal to the judgment. Terre Haute & I. R. Co. v. Brunker, 128 Ind. 542, 26 N. E. 178; Louisville, N. A. & C. R. Co. v. Berkey, 136 Ind. 181, 35 N. E. 3; Voris v. Star City Bldg. & L. Asso. 20 Ind. App. 630, 50 N. E. 779; Miller v. Shackleford, 4 Dana, 264; Louisville, N. A. & C. R. Co. v. Miller, 141 Ind. 533, 37 N. E. 343, 9 Am. Neg. Cas. 288; Toledo, St. L. & K. C. R. Co. v. Tapp, 6 Ind. App. 304, 33 N. E. 462; Hogan v. Chicago, M. & St. P. R. Co. 59 Wis. 139, 17 N. W. 632; Fick v. Chicago & N. W. R. Co. 68 Wis. 469, 60 Am. Rep. 878, 32 N. W. 527; Winchell v. Abbot, 77 Wis. 371, 46 N. W. 665; MacCarthy v. Whitcomb, 110 Wis. 113, 85 N. W. 707; Louisville N. A. & C. R. Co. v. Frawley, 110 Ind. 18, 9 N. E. 594; Louisville, N. A. & C. R. Co. v. Flanagan, 113 Ind. 488, 3 Am. St. Rep. 674, 14 N. E. 370; Fraser v. Churchman, 43 Ind. App. 200, 86 N. E. 1029; Locke v. Merchants' Nat. Bank, 66 Ind. 353; Kealing v. Vansickle, 74 Ind. 529,

39 Am. Rep. 101; Whitcomb v. Smith, 123 Ind. 329, 24 N. E. 109; Railsback v. Railsback, 12 Ind. App. 659, 40 N. E. 276, 1119; Branson v. Studabaker, 133 Ind. 147, 33 N. E. 98; Jones v. Casler, 139 Ind. 382, 47 Am. St. Rep. 274, 38 N. E. 812; Nelson v. Chicago, M. & St. P. R. Co. 60 Wis. 320, 19 N. W. 52; Rahr v. Manchester F. Assur. Co. 93 Wis. 355, 67 N. W. 725.

Special verdicts are to be fairly and reasonably construed for the purpose of aiding, not obstructing, the business of the court. Clementson, Special Verdicts, p. 262; Fenske v. Nelson, 74 Minn. 1, 76 N. W. 785.

Questions relating to facts admitted in the pleadings, or as to which there is no controversy, need not be submitted to the jury. Schrubbe v. Connell, 69 Wis. 476, 34 N. W. 503; Heddles v. Chicago & N. W. R. Co. 74 Wis. 239, 42 N. W. 237; Burton v. Boyd, 7 Kan. 28; McGonigle v. Gordon, 11 Kan. 167; Fenske v. Nelson, 74 Minn. 1, 76 N. W. 785; Barton v. Himrod, 8 N. Y. 485, 59 Am. Dec. 506; Ward v. Busack, 46 Wis. 407, 1 N. W. 107; Miller v. Luco, 80 Cal. 257, 22 Pac. 198.

Form of special verdict must be largely in the discretion of the trial court, and, if questions are reasonably specific, and cover the disputed issues of fact, the appellate court will not interfere. Hoppe v. Chicago, M. & St. P. R. Co. 61 Wis. 357, 21 N. W. 227; Bartlett v. Beardmore, 77 Wis. 356, 46 N. W. 494; Elizabethton Shoe Co. v. Hughes, 123 N. C. 296, 29 S. E. 339; Zimmer v. Fox River Valley Electric R. Co. 118 Wis. 614, 95 N. W. 957; Toledo St. L. & K. C. R. Co. v. Tapp, 6 Ind. App. 304, 33 N. E. 462; Ward v. Chicago, M. & St. P. R. Co. 102 Wis. 215, 78 N. W. 444; Alhambra Addition Water Co. v. Richardson, 72 Cal. 598, 14 Pac. 379; Coveny v. Hale, 49 Cal. 552; Miller v. Luco, 80 Cal. 257, 22 Pac. 198; Chicago & N. W. R. Co. v. Dunleavy, 129 Ill. 132, 22 N. E. 15; Severy v. Chicago, R. I. & P. R. Co. 6 Okla. 153, 50 Pac. 162, 3 Am. Neg. Rep. 463; Puterbaugh v. Puterbaugh, 131 Ind. 288, 15 L.R.A. 341, 30 N. E. 519; Manatt v. Scott, 106 Iowa, 203, 68 Am. St. Rep. 293, 76 N. W. 717; Evansville & T. H. R. Co. v. Taft, 2 Ind. App. 237, 28 N. E. 443; Bogan v. Carolina C. R. Co. 129 N. C. 154, 55 L.R.A. 418, 39 S. E. 808.

One is not required unqualifiedly, to look and listen before cross-

ing a street railroad; nor is it negligence, as a matter of law, to fail to do so. The question is whether a prudent man, acting prudently, would have thought it necessary to do so. Warren v. Bangor, O. & O. T. R. Co. 95 Me. 115, 49 Atl. 609, 10 Am. Neg. Rep. 67, cited by appellant. Portsmouth Street R. Co. v. Peed, 102 Va. 662, 47 S. E. 850, also cited by appellant.

The general rule is that each party, in the use of the highway, is bound to exercise such caution and care to prevent injury to others, as ordinarily prudent and careful men would exercise, under all the conditions and circumstances surrounding the time and place of the accident. Cox v. Wilmington City R. Co. 4 Penn. (Del.) 162, 53 Atl. 569; 2 Thomp. Neg. p. 1443.

The question of negligence, contributory or otherwise, is necessarily dependent upon the facts surrounding each case. Detroit United R. Co. v. Nichols, 91 C. C. A. 257, 165 Fed. 296; Baltimore Traction Co. v. Helms, 84 Md. 515, 36 L.R.A. 215, 36 Atl. 119, 1 Am. Neg. Rep 63.

The rule that one approaching a railroad crossing upon a highway must look up and down the track before he attempts to cross is not applicable as a hard and fast rule to one who attempts to cross a street car track upon a public street. Shea v. St. Paul City R. Co. 50 Minn. 395, 52 N. W. 902; Richmond v. Tacoma, R. & P. Co. 67 Wash. 444, — L.R.A.(N.S.) —, 122 Pac. 351; Roberts v. Spokane Street R. Co. 23 Wash. 325, 54 L.R.A. 184, 63 Pac. 506; 36 Cyc. 1539, cases cited in note 73; 36 Cyc. 1554, cases cited in notes 46, 47.

Reasonable care and prudence do not require one to repeatedly or continually look back, before crossing a street car track. Acton v. Fargo & M. Street R. Co. 20 N. D. 434, 129 N. W. 225; Bensiek v. St. Louis Transit Co. 125 Mo. App. 121, 102 S. W. 587; Miller v. Buffalo & L. E. Traction Co. 149 App. Div. 396, 134 N. Y. Supp. 380.

Under our system of code pleading, no reply is proper, except to traverse a counterclaim. Rev. Codes § 6863.

Allegations of contributory negligence or other new matter in the answer not relating to a counterclaim are to be deemed controverted by the adverse party as upon a direct denial or avoidance, as the case may be. Rev. Codes, § 6878; 6 Thomp. Neg. ¶ 7466.

The office of a bill of particulars is to inform the opposite party and the court of the precise nature and character of the cause of action or defense upon which the pleader relies. 31 Cyc. 565, cases cited in note 21.

The court may allow amendment of a bill of particulars, the same as any other part of the pleading. Laflin v. Shackleford, 39 C. C. A. 102, 98 Fed. 372; Waidner v. Pauly, 141 Ill. 442, 30 N. E. 1025; Lester v. Thompson, 91 Mich. 245, 51 N. W. 893.

A general allegation of negligence is all that is necessary to admit proof of liability by reason of discovered peril. Hanlon v. Missouri P. R. Co. 104 Mo. 381, 16 S. W. 235; Powers v. Des Moines City R. Co. — Iowa, —, 115 N. W. 494; Bostwick v. Minneapolis & P. R. Co. 2 N. D. 440, 51 N. W. 781.

Damages may be recovered for injury caused by defendant's negligence, notwithstanding plaintiff's negligence in exposing his property to injury, if such injury was proximately caused by the defendant's omission, after becoming aware of the danger of plaintiff's property, to use ordinary care for the purpose of avoiding injury. Carr v. Minneapolis, St. P. & S. Ste. M. R. Co. 16 N. D. 217, 112 N. W. 972.

Where the jury has made a specific finding, based upon substantial proof, it is not the function of the court to determine the question of preponderance, as to such finding, especially where the trial court has upheld the same, on motion for a new trial. Acton v. Fargo & M. Street R. Co. 20 N. D. 434, 129 N. W. 225; Lowry v. Piper, 20 N. D. 637, 127 N. W. 1046; Corey v. Bank, 20 N. D. 311; Heyrock v. McKenzie, 8 N. D. 601, 80 N. W. 762; Howland v. Ink, 8 N. D. 63, 76 N. W. 992; Flath v. Casselman, 10 N. D. 419, 87 N. W. 988; Black v. Walker, 7 N. D. 414, 75 N. W. 787; Halley v. Folsom, 1 N. D. 325, 48 N. W. 219; 2 Nellis, Street Railways, 2d ed. p. 899, note 79, and cases cited in ¶ 401.

BRUCE, J. (after stating the facts as above). We think that there is no merit in the appellant's first proposition, that the judgment should be reversed because certain of the questions propounded to the jury and inserted in the special verdict called for conclusions of law and conclusions of fact, and not ultimate, physical facts. These questions and answers were as follows: "(4) Was the motorman guilty of any

want of ordinary care in the operation of his car at the time of the accident? Answer: Yes. (5) If you answer the last question, 'yes,' then was such want of ordinary care the proximate cause of the injury to plaintiff? Answer: Yes." "(9) Could the plaintiff, in the exercise of ordinary care and prudence, have seen the approaching car in time to have avoided the accident? Answer: No. (10) Was the plaintiff guilty of any want of ordinary care which contributed to produce the injury complained of? Answer: No. (11) After the motorman saw the defendant drive onto the track, did he, in the exercise of ordinary care, have time to stop the car and avoid the accident? Answer: Yes." "(13) After the motorman saw, or, by the exercise of ordinary care might have seen, the plaintiff's danger, did the motorman make a reasonable effort to reduce the car to such control that it might be brought to a standstill, if necessary, without a collision? Answer: No. (14) After the motorman saw, or by the exercise of ordinary care might have seen, the plaintiff's vehicle on or near the track of the defendant street car company and in the line of the progress of said car, did the motorman make every effort to place the power which propelled such car under his control for the purpose of avoiding a collision? Answer: No." "(16) Did the plaintiff arrive upon or near the track of the defendant street car company so far ahead of the car in question that the motorman in charge of such car, after seeing him thus exposed to danger, might have avoided injuring him by the exercise of ordinary or reasonable care? Answer: Yes. (17) After the motorman in defendant's street car discovered, or by the exercise of reasonable and ordinary care should have discovered, the plaintiff's vehicle on or near the track of the defendant street car company, and directly in line of the progress of the car and a possible obstacle in the way of such car, did the motorman use ordinary and reasonable care to reduce the car to such control that it might be brought to a standstill if necessary, without colliding with the plaintiff's vehicle? Answer: No." "(28) Was the car of the defendant railway company runing at a dangerous rate of speed, taking into consideration all the circumstances at the time of the accident or collision? Answer: Yes."

By all of these questions the jury was, in different ways, directed to find whether appellant was guilty of any want of ordinary care, and,

if so, whether such want of ordinary care was the proximate cause of respondent's injury. The questions of negligence and contributory negligence are both, according to the former decisions of this court and the overwhelming weight of authority, questions of fact, rather than of law, and only become questions of law when the facts are undisputed. Cameron v. Great Northern R. Co. 8 N. D. 124, 77 N. W. 1016, 5 Am. Neg. Rep. 454; Heckman v. Evenson, 7 N. D. 173, 73 N. W. 427; Bishop v. Chicago, M. & St. P. R. Co. 4 N. D. 536, 62 N. W. 605; Mares v. Northern P. R. Co. 3 Dak. 336, 21 N. W. 5, 123 U. S. 710, 31 L. ed. 296, 8 Sup. Ct. Rep. 321; Boss v. Northern P. R. Co. 5 Dak. 308, 40 N. W. 590; Carr v. Minneapolis, St. P. & S. Ste. M. R. Co. 16 N. D. 217, 112 N. W. 972; Kucera v. Merrill Lumber Co. 91 Wis. 637, 65 N. W. 374; Bagnowski v. A. J. Linderman & H. Co. 93 Wis. 592, 67 N. W. 1131; Davis v. Chicago, M. & St. P. R. Co. 93 Wis. 470, 33 L.R.A. 654, 57 Am. St. Rep. 935, 67 N. W. 16, 1132, 10 Am. Neg. Cas. 507; Klatt v. N. C. Foster Lumber Co. 92 Wis. 622, 66 N. W. 791; Kutchera v. Goodwillie, 93 Wis. 448, 67 N. W. 729; Rysdorp v. George Pankratz Lumber Co. 95 Wis. 622, 70 N. W. 677, 2 Am. Neg. Rep. 269; Andrews v. Chicago, M. & St. P. R. Co. 96 Wis. 348, 71 N. W. 372, 3 Am. Neg. Rep. 626. The trial court properly instructed the jury as to the meaning of the terms "negligence," "ordinary care," and "proximate cause," and as to the rights and duties of the traveling public and of street car companies, respectively, upon the public thoroughfares. Where this is done, interrogatories such as those propounded in the case at bar have repeatedly been held not merely proper, but to be necessary to a special verdict in a case such as that before us. Andrews v. Chicago, M. & St. P. R. Co. 96 Wis. 348, 71 N. W. 372, 3 Am. Neg. Rep. 626; Sheridan v. Bigelow, 93 Wis. 426, 67 N. W. 732; Groth v. Thomann, 110 Wis. 488, 86 N. W. 178; McGowan v. Chicago & N. W. R. Co. 91 Wis. 147, 64 N. W. 891. "It being difficult [indeed] to differentiate between conclusions, ultimate facts and evidentiary facts when facts are close to the line dividing the inferential facts from the evidentiary facts, the only safe plan is to incorporate them in the special verdict." Fraser v. Churchman, 43 Ind. App. 200, 86 N. E. 1029. The real things to be avoided are questions which call for a conclusion upon matters which are merely evidentiary in their nature, and which merely tend to show

the existence of the ultimate facts.   If, however, an inference or con-
clusion from a fact or facts is, itself, a fact proper to be found by the
jury, and is in the nature of an ultimate, constitutive fact, which is
necessary to support the judgment of the court, such fact or con-
clusion may be made the proper subject of an interrogatory.   Udell
v. Citizens' Street R. Co. 152 Ind. 507, 71 Am. St. Rep. 336, 52 N.
E. 799, 5 Am. Neg. Rep. 562; Russell v. Meyer, 7 N. D. 340, 47
L.R.A. 637, 75 N. W. 262; Lathrop v. Fargo-Moorhead Street R.
Co. 23 N. D. 246, 136 N. W. 88.

It is to be remembered, indeed, that special verdicts are to be
fairly and reasonably construed, and to be used  and treated, not as
pitfalls for the litigants, but as aids to the administration of justice.
Clementson, Special Verdicts, p. 262; Hoppe v. Chicago, M. & St. P.
R. Co. 61 Wis. 357, 21 N. W. 227; Bartlett v. Beardmore, 77 Wis.
356, 46 N. W. 494; Elizabethton Shoe Co. v. Hughes, 122 N. C.
296, 29 S. E. 339; Zimmer v. Fox River Valley Electric R. Co. 118
Wis. 614, 95 N. W. 957.   It is also to be borne in mind that only
those facts which are in controversy need be submitted.   Schrubbe
v. Connell, 69 Wis. 476, 34 N. W. 503; Heddles v. Chicago & N. W.
R. Co. 74 Wis. 239, 42 N. W. 237; Burton v. Boyd, 7 Kan. 28;
McGonigle v. Gordon, 11 Kan. 167; Ward v. Busack, 46 Wis. 407,
1 N. W. 107.

The second point of appellant, and to which he has devoted the
greater portions of his brief and argument, is that the plaintiff was
guilty of such contributory negligence as precludes a recovery as a
matter of law.   All of defendant's argument, however, is based upon
the proposition that "respondent turned west on Front street at the
Commercial Bank crossing, after looking to the rear about 150 feet
to the Northern Pacific tracks, and drove at least 480 feet west to the
middle of the block, and without again looking to the rear, turned
suddenly across the track immediately in front of the car, in the
middle of the block, and so close that the car could not possibly have
been stopped, and was struck and injured."   He argues, and produces
authorities upon the proposition, that when one approaches a street
railway track for the purpose of crossing the same, it is his duty
to both look and listen, and asserts that the evidence shows that in the
case at bar, though the plaintiff may have listened, he totally failed

to look before attempting to cross the track. There might be much in this proposition if the uncontradicted evidence supported this contention, and also showed that the crossing of the tracks was (the)* a proximate or operative cause of the injury, but it does not. It shows on the other hand, at least much of the testimony goes to prove, that the side of the street car extended 3 feet beyond the rail of the track itself on each side; that portions of plaintiff's vehicle projected 6 inches outside of the track of its wheels; and that not only just before the accident, but during practically all of the 480 feet journey from the corner of Broadway and Front street and along said Front street, plaintiff was driving with his south wheels within a few inches of the north rail of the car track, in a position of danger unless proper care was used by the street car driver, and within the track of the *car,* if not of the rails. He did not, therefore, according to this testimony (and it was for the jury to believe whom it chose), strictly speaking, *approach* the track at all. He, it is true, immediately before the collision, turned across the track to the south, but there is at least some evidence to show that he would have been struck by the car whether he had so turned or not. Such evidence, indeed, shows that he did not move from a position of safety to a position of peril immediately before the collision, or practically at any time after he reached Front street, but that he was, as a matter of fact, on account of his position near the track and the speed of the approaching car of which, according to such testimony, he had no knowledge or warning, in a position of peril all of the time that he was upon the said street. Since, then, there is evidence to show that he looked back at the time, or just before, he turned on Front street and saw no car approaching on Broadway, and that the car was running at a rate of at least 6 miles an hour (one witness testifies from 6 to 8 miles an hour; another, that it was running fast, and the jury found that it was 14 miles) we cannot hold, as a matter of law, that he was guilty of such contributory negligence as would preclude a recovery. We must remember that though there is some conflicting evidence and much that is merely negative, there is at least some positive testimony that the gong was not sounded at all. We realize, of course, that there is a conflict in the evidence, but we also realize that plaintiff's propositions are sustained by some evidence, at least, and that it was for the jury, and not for the court,

* See decision on rehearing p. 480.

to pass upon the credibility of the witnesses.    Acton v. Fargo & M.
Street R. Co. 20 N. D. 434, 129 N. W. 225.

The judgment of the District Court is affirmed.

## On Petition for Rehearing.

BRUCE, J.   Counsel for appellant takes exception to the expressions
used by the court in the original opinion, "and also showed that the
crossing of the tracks was *the* proximate or operative cause of the
injury."   The language used should probably have been: "And also
showed that the crossing of the track was *a* proximate or operative
cause of the injury."   In other words, the word "the" should be
stricken out, and the word "a" should be inserted in lieu thereof.
This we have done in the original opinion.   As so changed, we believe,
the statement to be correct.

He also calls attention to the cases of Fritz v. Detroit Citizens'
Street R. Co. 105 Mich. 50, 62 N. W. 1007; Boerth v. West Side
R. Co. 87 Wis. 288, 58 N. W. 376; McCormick v. Ottumwa R. &
Light Co. 146 Iowa, 119, 124 N. W. 889; Tognazzi v. Milford & U.
Street R. Co. 201 Mass. 7, 21 L.R.A. (N.S.) 309, 86 N. E. 799; State
use of Carey v. Cumberland & W. Electric R. Co. 106 Md. 529, 16
L.R.A. (N.S.) 297, 68 Atl. 197; Winch v. Third Ave. R. Co. 12 Misc.
403, 33 N. Y. Supp. 615, and argues that they are cases like the one
at bar where the plaintiff was, during the whole of the time in which
he was driving upon the street where injured, within the track of
the car or zone of danger, and asserts that they are so directly in point
and conclusive that they should not be ignored by this court.   He
states, indeed, that his argument has been based squarely upon the
assumption of the truth of every fact which the original opinion
stated *some* of the evidence supported, but maintains that even.then,
under the law and under the cases cited by him, the plaintiff was
guilty of contributory negligence and cannot recover.   We do not,
however, so understand the cases, and an analysis will show that they
are really not in point.   It is for this reason that they were passed
over in the principal opinion.   In the case of Fritz v. Detroit Citizens'
Street R. Co. 105 Mich. 50, 62 N. W. 1007, for instance, although
the facts in the main are similar, there is one material difference, and

that is that, if the plaintiff had remained driving as he was before he turned upon the track, and the defendant had done the same, and the plaintiff had not turned upon the track, there would have been no accident. In the case at bar, however, the evidence tends strongly to show that the accident would have happened whether the plaintiff had turned upon the track or not. In the Michigan case the court said: "It is therefore negligence for the driver of a carriage to suddenly turn directly in front of an approaching car, whether the car be coming from the direction in which he is driving or from the rear. We think it is also true that, in the absence of something to excuse the performance of that duty, it is incumbent upon the driver of such a vehicle, before attempting to turn across the track, to take proper means of ascertaining whether the way is clear, and this is especially true of an attempt to turn across the track in the middle of a block, or at any place other than a regular crossing. See Watson v. Minneapolis Street R. Co. 53 Minn. 551, 55 N. W. 742, 12 Am. Neg. Cas. 146. This the plaintiff failed to do in this case. Unless he had the right to assume that there was no car in the rear with which he was likely to come in contact, or unless he had the right to rely upon his failure to hear the sound of the gong, it was clearly negligence for him to turn across the track suddenly and without assuring himself by proper investigation that no car was coming. Booth, Street Railways, § 315. In fact, until the car approached the crossing it is very doubtful whether it was the duty of the motorman to sound any gong." So far the opinion supports the contention of the appellant, but the words quoted are followed by others which control the same and which absolutely distinguish the cases. These words are: "So long as the plaintiff was traveling in the same direction and at such a gait as would not result in collision, it cannot be said that the motorman had any occasion to sound the gong, as he would have no reason to apprehend that the plaintiff would come to a stop or make a short turn across the track." Again, the court says: "But it is said that there was testimony from which the jury might have inferred that the plaintiff's position was discovered in time to enable . . . [him] to avoid the collision. It is a rule recognized by repeated decisions of this court, and maintained by text writers, that the fact of a precedent negligence of plaintiff resulting in producing

24 N. D.—31.

a situation or a condition known to defendant, who, after the discovery of such condition may, by the exercise of care avoid injury, is not a contributory cause to an injury thereafter produced by disregard of this discovered condition.   One of the earliest cases to lay down this rule is Davies v. Mann, 10 Mees. & W. 546, 12 L. J. Exch. N. S. 10, 6 Jur. 954, 19 Eng. Rul. Cas. 190.   This rule is well stated in Bishop on Noncontract Law, § 446; 'It is sometimes very correctly said that if one discovers another to have been negligent, he must take precautions accordingly, omitting which he is liable to the other for the damages which follow from his own want of care; for however nearly related two separate negligences may be, the one cannot bar an action for the other unless it is contributory, and though an unseen position might contribute to an accident, a discovered one cannot.' See also Citizens' Street R. Co. v. Steen, 42 Ark. 321.   This rule has been applied by this court in street railway cases.   See Laethem v. Ft. Wayne & B. I. R. Co. 100 Mich. 297, 58 N. W. 996; and Montgomery v. Lansing City Electric R. Co. 103 Mich. 46, 29 L.R.A. 287, 61 N. W. 543.   In each of these cases the situation of plaintiff was such that *it was apparent to the motorman that if the car continued in its course a collision would be inevitable, and this was apparent to him for a considerable time before the collision.*   Do these cases necessarily rule the present?   In this case it is apparent that the collision was of a sudden.   The motorman did not see in advance that the plaintiff was about to cross the track, nor until a very few seconds before the collision actually occurred.   It is not a case in which the plaintiff *had been driving up the track and was run down by the motorman, but an attempt to cross the track unexpected and sudden.* If we assume that under these circumstances the plaintiff had, by this act, placed himself in a position where his negligence might have been discovered and the car brought under control, it will result that in every case where an attempt to cross ahead of a street car is made, the question of whether there was a timely discovery of the situation will turn upon whether the motorman could have stopped his car after the attempt was made, and it would follow that if he could, his negligence will authorize a recovery, notwithstanding the contributory negligence of plaintiff. . . . We think the circumstances of this case are not such as to justify the application of the doctrine of Davies

v. Mann and kindred cases, and that the plaintiff's negligent act must be held to have directly contributed to the injury."

It will be readily seen from the above quotation that the case referred to is authority for, rather than against the plaintiff in the suit at bar. It, in fact, reaffirms the so-called doctrine of the last clear chance, which has been established in this jurisdiction by the case of Acton v. Fargo & M. Street R. Co. 20 N. D. **434,** 129 N. W. 225.

In the Michigan case, indeed, just cited, the evidence showed that the turning across the track was a contributing and proximate cause of the injury, and that unless the plaintiff had turned across the track, no accident would have occurred. In the case at bar, however, there is evidence which tends to show that the accident would have happened whether the plaintiff had turned across the track or not.

The case of Boerth v. West Side R. Co. 87 Wis. 288, 58 N. W. 376, is also not in point. In that case, to use the language of the opinion, "the evidence on the part of the defendant is to the effect that the wagon in question was at the time being driven on the southerly side of the avenue from Ninth street to Eighth street, by the side of the. car or a little ahead of it; that upon reaching Eighth street the plaintiff's team suddenly turned north on Eighth street, immediately in front of the car, and had nearly crossed the railroad track when the wagon was struck as mentioned. The evidence seems to be overwhelming that the bell was repeatedly sounded while the car was going from Ninth to Eighth street." "If such were the facts," the court said, "then there was no negligence on the part of the defendant, but there was gross negligence and carelessness on the part of the plaintiff." It will be seen, indeed, on examining the opinion, that the accident would not have happened if it had not been for the turning across the track. The court also took the position that the bell and gong were sounded, while in the case at bar there is evidence to the contrary. We might also add that the doctrine of the last clear chance, as promulgated in North Dakota in the case of Acton v. Fargo & N. Street R. Co. supra, never seems to have been recognized in Wisconsin. See Owen v. Portage Teleph. Co. 126 Wis. 412, 105 N. W. 924, 19 Am. Neg. Rep. 612; Watermelen v. Fox River Electric R. & P. Co. 110 Wis. 153, 85 N. W. 663; Johnson v. Superior Rapid Transit Co. 91 Wis. 233, 64 N. W. 753.

The case of McCormick v. Ottumwa R. & Light Co. 146 Iowa, 119, 124 N. W. 889, has also been misunderstood by counsel for appellant. It is not a case, as he states, which is parallel with the one at bar, and in which the plaintiff was in the zone of danger during the whole of the time that he was upon the street. The court said: "It also appears from the testimony that plaintiff's eyesight and hearing are both defective; that he did not, after coming into Court street, look to the rear and south again until he was struck by the car, and that he traveled north from 900 to 1,000 feet after getting onto Court street. Had he looked back at or near the point where he was struck, he could have seen a car for a distance of at least 900 feet. He was not struck at a street crossing, but at a point between Ottumwa street and Maple avenue, *and had he continued driving north on the east side of the street railway he would have been in no danger from either car.*"

The same is true of the case of Tognazzi v. Milford & U. Street R. Co. 201 Mass. 7, 21 L.R.A.(N.S.) 309, 86 N. E. 799, also cited by counsel for appellant, although in this case there is evidence that just prior to the accident the plaintiff was in the zone of danger. The court said: "The plaintiff testified that as he went from North street into East Main street, across the railroad track, he stooped over or leaned out of his wagon and looked both sides to see if a car was coming, but did not see any. . . . After he had crossed the track into East Main street, he drove along nearly parallel to the track, at first in about the center of the street or 10 feet from the track, and the last part of the way about 2 or 3 feet from the track. . . . He drove along until he got opposite the driveway that led into his premises, when he turned sharply at right angles and crossed the track to go into the driveway. The car struck the *hind* wheel of his wagon before he got across the track. . . . From North street to the driveway was 300 feet. And after looking as he crossed the track at North street, the plaintiff did nothing as he drove along East Main street to see if a car was coming, or as he turned to go into his driveway or as he drove across the track. He testified that he did not hear any gong or bell or car, *but there is no evidence that he listened.* To say that he did not hear is as consistent with his not listening as with his listening and not hearing. The uncontroverted evidence shows that when he turned to cross the track and go into the driveway the

car was about 160 feet away. If he had exercised ordinary precaution, and leaned out of the wagon and looked, he would have seen it. No doubt he could properly trust something to the expectation that if a car did come along, the motorman would exercise reasonable care, and would not run into his wagon. He was not justified, however, in relying altogether upon such expectation, but was bound, himself, to take proper measures for his safety. Instead of doing that, he turned squarely across the track in front of a rapidly approaching car, which was within a short distance, without taking the slightest precaution to see whether a car was approaching." There is nothing, indeed, in this case that seems either to show that the doctrine of the last clear chance was recognized by the court at all, or that the accident would have happened if it had not been for the turning across the track. So, too, the court seems to doubt that the plaintiff listened at all. It is also quite clear that had he looked after he started to turn, he could have avoided the accident. Not only, indeed, does the evidence show that the car was 160 feet away when he started to turn, but it also shows that he was almost across the track before the hind wheel of his wagon was struck.

Nor can we see the application of the case of State use of Carey v. Cumberland & W. Electric R. Co. 106 Md. 529, 16 L.R.A.(N.S.) 297, 68 Atl. 197. In that case the car by which the defendant was struck was an electric *freight car,* and not the ordinary street car. There was no evidence that the wagon itself was struck, or that the plaintiff, who was injured, would have been struck at all if he had remained in the wagon. "He was struck by the car while in the act of stepping down backward from the hub of the wagon wheel toward, if not upon, a railroad track but 2 feet distant from the wheel, without taking the slightest precaution to ascertain whether a car was approaching. He could have seen the car in time to save himself if he had simply turned around and looked for it." The court further said: "Counsel for appellant contended with much ability at the hearing of the appeal, that the case came within the operation of the doctrine of the last clear chance, upon the theory that the position of Carey while standing upon the hub was one of peril in which the motorman of the approaching car could, by the exercise of proper diligence, have seen him in time to have saved him from its conse-

quences by giving timely warning or stopping the car. If his position on the hub was a perilous one, as to which we express no opinion, it was not the peril of that position, certainly not that peril alone, from which he lost his life. He was not struck while standing upon the hub, but while he was voluntarily and deliberately engaged in the very negligent act of getting down backward from the hub toward the track without even looking to see if a car was coming. There is no evidence in the record tending to prove that the motorman saw or could have seen Carey start to step down from the hub of the wagon toward the track in time to stop the car before it struck him, or to give a more timely warning than the whistle which he blew."

The case of Winch v. Third Ave. R. Co. is also a case where there is no evidence which shows or tends to show that the plaintiff was at any time in a position of danger until he deliberately turned upon and across the track. It is true that he drove for some 50 feet along the street and in front of the car, but there is no evidence that at any such time he was in the track of the said car.

It seems to us, indeed, that the case at bar comes clearly within the rule laid down in Acton v. Fargo & M. Street R. Co. 20 N. D. 434, 129 N. W. 225; Carr v. Minneapolis, St. P. & S. Ste. M. R. Co. 16 N. D. 217, 112 N. W. 972, and Bostwick v. Minneapolis & P. R. Co. 2 N. D. 440, 51 N. W. 781. It is also quite clear to us that in states such as North Dakota, where contributory negligence is an affirmative defense to be alleged and proved by the defendant, the doctrine of discovered peril or of the last clear chance can be urged under a general allegation of negligence in the complaint, and that the trial court did not err in so ruling. Hanlon v. Missouri P. R. Co. 104 Mo. 381, 16 S. W. 235; Powers v. Des Moines City R. Co. — Iowa, —, 115 N. W. 494; 6 Thomp. Neg. § 7466.

The petition for a rehearing is denied.